[Nos. 53497-7, 53637-6, 53638-4. En Banc. May 5, 1988.]

THE STATE OF WASHINGTON, *Petitioner,* v. JAMES A. KITCHEN, *Respondent.*

*In the Matter of the Personal Restraint of* SAMUEL K. CHILDRESS, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. ALBERT COBURN, *Appellant.*

*Patrick D. Sutherland, Prosecuting Attorney for Thurston County,* and *John S. Bumford, Deputy,* for petitioner State.

*Barton L. Jones,* for petitioner Childress and appellant Coburn.

*Griffin & Enslow, P.S.,* and *F. G. Enslow,* for respondent Kitchen.

*Seth R. Dawson, Prosecuting Attorney for Snohomish County,* and *Seth Aaron Fine, Deputy; John W. Ladenburg, Prosecuting Attorney for Pierce County,* and *Barbara L. Corey–Boulet, Appellate Deputy,* for respondent State.

UTTER, J.—On March 4, 1987, this court consolidated three matters. Petition for review was granted in *State v. Kitchen,* 46 Wn. App. 232, 730 P.2d 103 (1986), certification was accepted in In the Matter of the Personal Restraint Petition of Samuel K. Childress, and State v. Albert Coburn was transferred from the Court of Appeals. The question posed in all three cases is the proper standard of review when an appellate court cannot be assured that all jurors agreed that one of several acts placed in evidence constituted the crime charged.

We previously invalidated a guilty verdict in a "multiple acts" case because we could not be assured of jury unanimity regarding the act or incidents constituting the crime. *State v. Petrich,* 101 Wn.2d 566, 573, 683 P.2d 173 (1984). However, in doing so we used a standard for harmless error which has later been clarified. That standard was "[t]he error is harmless only if a rational trier of fact could have found each incident proved beyond a reasonable doubt." *Petrich,* at 573. The proper standard of review for constitutional error is "harmless beyond a reasonable doubt". *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986); *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967). Thus, in multiple acts cases, when the State fails to elect which incident it relies upon for the conviction

or the trial court fails to instruct the jury that all jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt, the error will be deemed harmless only if no rational trier of fact could have entertained a reasonable doubt that each incident established the crime beyond a reasonable doubt. *See State v. Loehner,* 42 Wn. App. 408, 411–12, 711 P.2d 377 (1985) (Scholfield, A.C.J., concurring), *review denied,* 105 Wn.2d 1011 (1986); *see also State v. Gitchel,* 41 Wn. App. 820, 823, 706 P.2d 1091, *review denied,* 105 Wn.2d 1003 (1985). *Petrich* is clarified accordingly.[1]

Applying the correct standard of review, we affirm the Court of Appeals decision to reverse and remand the *Kitchen* conviction. We also reverse and remand the Coburn conviction. In these cases, failure to ensure a unanimous verdict could not be harmless error. However, Mr. Childress fails to meet the requirement that a personal restraint petition must show that it is more likely than not that the trial court error actually and substantially prejudiced his right to a fair trial. Therefore, his personal restraint petition is denied.

I

FACTS

A

State v. Kitchen

James Kitchen was charged with one count of second degree statutory rape of his daughter, allegedly occurring between the fall of 1980 and December 1981. The victim described in detail the place and circumstances surrounding several incidents that could constitute the crime charged, but was not always certain as to exact dates. The defense introduced evidence of several past contradictory statements made by the victim, in which she stated that the allegations against her father were fabricated. The jury also heard testimony from witnesses testifying generally to Mr.

---

[1]Aside from its enunciation of the harmless error test, *Petrich* remains good law.

Kitchen's and his daughter's character and reputation, and to circumstances and conversations surrounding and following the alleged acts.

The jury was not instructed that it must unanimously agree on which of the several acts testified to actually occurred. The Court of Appeals reversed and remanded the jury's conviction, holding that Mr. Kitchen was denied his right to a unanimous verdict and that error was not harmless. *State v. Kitchen,* 46 Wn. App. 232, 730 P.2d 103 (1986). This court accepted review of the harmless error issue.

## B
### State v. Albert Coburn

Albert Coburn was charged with three counts of indecent liberties; each count arose out of incidents involving a different child.

The complaining witness in count 1 testified that Mr. Coburn touched her "private spot" with his hands and tongue on 5 to 10 separate occasions. Other witnesses testified to circumstances surrounding several of the alleged incidents. For example, a cousin refuted the victim's testimony that Mr. Coburn also tried to touch the cousin.

The complaining witness in count 3 testified that Mr. Coburn touched her "private spot" on more than one occasion. Her testimony was impeached by statements made in a prior interview wherein she asserted that Mr. Coburn only touched the outside of her clothing and her breasts. Other witnesses offered alternative reasons why the victim was upset at those times Mr. Coburn allegedly touched her; for example, one witness explained that the victim was upset because she feared that her grandfather would fall from a footstool.

Mr. Coburn denied both victims' allegations, and the jury heard testimony pertaining to his reputation in the community for truth, veracity and good morals.

The jury was instructed that in order to convict under count 1, it must find that "during the period between July,

1983, and October 30, 1983, the defendant knowingly caused [the child] to have sexual contact with the defendant". Report of Proceedings, at 252. The court gave a similar instruction for count 3 encompassing the period of November 1982 to May 1983. On March 12, 1984, a jury found Mr. Coburn guilty of counts 1 and 3. We transferred Mr. Coburn's appeal in its entirety from the Court of Appeals.

## C
### In the Matter of the Personal Restraint Petition
### of Samuel K. Childress

Samuel K. Childress was charged with one count of indecent liberties, committed between October 18, 1979, and December 1979. The complaining witness testified to two incidents. In the first incident, Mr. Childress allegedly "felt around" the victim's "crotch area" while showing her a pornographic movie with another woman. In the second incident, Mr. Childress allegedly touched the victim's "crotch" with his hands and mouth while another woman was present. The only testimony heard at trial was that of the victim and her father, who observed her disturbed demeanor during the period these incidents allegedly occurred. The defendant did not present a case in chief.

The complaining witness could not pinpoint the exact date of these occurrences, but was certain that the first occurred around her birthday in October 1979 and the second occurred in December 1979. The trial court instructed the jurors that they must agree Mr. Childress committed the crime of indecent liberties "between the dates of . . . October 18, 1979, and through December, 1979". Report of Proceedings, at 101.

Mr. Childress appealed his conviction, arguing that it was the result of an illegal search. The Court of Appeals rejected that argument. *State v. Childress*, 35 Wn. App. 314, 666 P.2d 941 (1983). This court accepted certification of Mr. Childress' personal restraint petition.

## II
### HARMLESS ERROR: State v. Kitchen and State v. Albert Coburn

In Washington, a defendant may be convicted only when a unanimous jury concludes that the criminal act charged in the information has been committed. *State v. Stephens,* 93 Wn.2d 186, 190, 607 P.2d 304 (1980). When the prosecution presents evidence of several acts that could form the basis of one count charged, either the State must tell the jury which act to rely on in its deliberations or the court must instruct the jury to agree on a specific criminal act. *State v. Petrich,* 101 Wn.2d 566, 570, 572, 683 P.2d 173 (1984); *State v. Workman,* 66 Wash. 292, 294-95, 119 P. 751 (1911). No party disputes that failure to follow one of these options is error, violative of a defendant's state constitutional right to a unanimous jury verdict and United States constitutional right to a jury trial. *State v. Badda,* 63 Wn.2d 176, 182, 385 P.2d 859 (1963); Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 6. The central issue is under what circumstances that error is "harmless".

The harmless error rule preserves an accused's right to a fair trial without sacrificing judicial economy in the inevitable presence of immaterial error. *Delaware v. Van Arsdall,* 475 U.S. 673, 89 L. Ed. 2d 674, 684-85, 106 S. Ct. 1431 (1986). *See* Comment, *The Harmless Constitutional Error Rule in Washington: What It Was, What It Is, and What It Should Be,* 20 Gonz. L. Rev. 429, 470 (1984-85). Neither the United States Supreme Court nor this court will forsake a defendant's fundamental right to a fair trial when constitutional error is prejudicial. *Rose v. Clark,* 478 U.S. 570, 92 L. Ed. 2d 460, 470, 106 S. Ct. 3101 (1986); *State v. Guloy,* 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied,* 475 U.S. 1020 (1986). In general, when trial error abridges a right guaranteed to the defendant by the United States Constitution, the jury verdict will be affirmed only if that error was "harmless beyond a reasonable doubt". *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967).

Given the confusion that has surrounded the harmless error test applicable to multiple acts cases, and the distinction between such cases and alternative means cases, we take the opportunity here to clarify the correct standards of review.

■ We first addressed the harmless error analysis applicable to a multiple acts case in *State v. Stephens, supra*. In *Stephens*, the State charged the defendant with one count of assault against two victims conjunctively, but the court instructed the jury using the victims' names disjunctively. We reversed because, given the different actions directed by the defendant toward each victim, reasonable jury members could have disagreed as to whether the defendant assaulted both victims. *Stephens*, 93 Wn.2d at 190–91.

The issue of whether error is harmless when one crime is charged and multiple acts are attested to next arose in *State v. Petrich, supra*. In *Petrich* the victim testified to several acts of indecent liberties and statutory rape, but the information charged and defendant was convicted of only one count of indecent liberties and one count of statutory rape. We overturned the conviction, finding that the error was prejudicial. In doing so, however, we inadvertently employed the standard applicable to *alternative means* cases rather than the standard for multiple acts cases. Thus we inappropriately cited *State v. Franco*, 96 Wn.2d 816, 639 P.2d 1320 (1982), an alternative means case, for the harmless error standard even while stating elsewhere in the opinion that alternative means cases are not analogous to multiple acts cases when determining whether constitutional error occurred. *Petrich*, 101 Wn.2d at 570.

In an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to *guilt* for the single crime charged. Unanimity is not required, however, as to the *means* by which the crime was committed so long as substantial evidence supports each alternative means. *State v. Whitney*, 108 Wn.2d 506, 739 P.2d 1150 (1987); *State v. Franco, supra; State v. Arndt*, 87 Wn.2d 374, 553 P.2d 1328 (1976). In

reviewing an alternative means case, the court must determine whether a rational trier of fact *could* have found each means of committing the crime proved beyond a reasonable doubt. *Franco,* at 823, citing *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

In multiple acts cases, on the other hand, several acts are alleged and any one of them could constitute the crime charged. In these cases, the jury must be unanimous as to which act or incident constitutes the crime. To ensure jury unanimity in multiple acts cases, we require that either the State elect the particular criminal act upon which it will rely for conviction, or that the trial court instruct the jury that all of them must agree that the same underlying criminal act has been proved beyond a reasonable doubt. *Petrich,* at 572; *Gitchel,* at 822.

When the State fails to make a proper election and the trial court fails to instruct the jury on unanimity, there is constitutional error. The error stems from the possibility that some jurors may have relied on one act or incident and some another, resulting in a lack of unanimity on all of the elements necessary for a valid conviction. This error occurred in each of the cases consolidated herein.

In reviewing a multiple acts case in which there has been no election by the State or unanimity instruction by the trial court, the proper standard for determining whether the error is harmless is properly stated by Judge Scholfield in his concurrence in *Loehner*:

> the error is not harmless if a rational trier of fact could have a reasonable doubt as to whether each incident established the crime beyond a reasonable doubt.

*Loehner,* 42 Wn. App. at 411 (Scholfield, A.C.J., concurring); *see also State v. Handyside,* 42 Wn. App. 412, 416, 711 P.2d 379 (1985). This approach presumes that the error was prejudicial and allows for the presumption to be overcome only if no rational juror could have a reasonable doubt as to any one of the incidents alleged. *See State v. Burri,* 87 Wn.2d 175, 181, 550 P.2d 507 (1976); *see also Pope v. Illinois,* __ U.S. __, 95 L. Ed. 2d 439, 107 S. Ct.

1918 (1987). This standard best ensures that when constitutional error occurs, a conviction will not be upheld unless the error is "harmless beyond a reasonable doubt", *Chapman v. California, supra* at 24.

Applying the above test to the cases at bench, we affirm the Court of Appeals decision to reverse and remand *State v. Kitchen, supra,* and we reverse and remand Mr. Coburn's conviction. In both Mr. Coburn's and Mr. Kitchen's trials the prosecution placed testimony and circumstantial proof of multiple acts in evidence. There was conflicting testimony as to each of those acts and a rational juror could have entertained reasonable doubt as to whether one or more of them actually occurred.

For example, some jurors may have based their verdict in State v. Albert Coburn on the testimony of the complaining witness in count 1 that Mr. Coburn touched her and attempted to touch her cousin when they were in the woods, while others may have based their decision on incidents that allegedly took place in the bedroom. Some jurors may have believed that Mr. Coburn touched the complaining witness in count 3 on the night she became upset while others determined that she was upset that night for other reasons, relying upon another act as basis for their verdict. Similarly, a reasonable juror could have doubted the *Kitchen* complaining witness' testimony that incidents occurred in a shower and believed that only those acts before school in the trailer actually occurred. Faced with these trial records, we cannot say that failure to ensure that Mr. Coburn and Mr. Kitchen were afforded a unanimous jury verdict was harmless error. Their convictions are therefore reversed.

### III
Actual Prejudice: In re Personal Restraint
Petition of Samuel K. Childress

The issue in a personal restraint petition is whether the petitioner's right to a fair trial was actually and substantially prejudiced by constitutional error. *In re Sauve,* 103

Wn.2d 322, 325, 692 P.2d 818 (1985); *In re Haverty,* 101 Wn.2d 498, 504, 681 P.2d 835 (1984); *In re Hews,* 99 Wn.2d 80, 87, 660 P.2d 263 (1983); *In re Hagler,* 97 Wn.2d 818, 825, 650 P.2d 1103 (1982). The actual prejudice standard of review for collateral attack places the burden upon the petitioner, as opposed to the harmless error standard on direct appeal, because "[c]ollateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs the society the right to punish admitted offenders." *Hagler,* at 824.

 Those types of constitutional errors which can never be considered harmless on direct appeal will also be presumed prejudicial for purposes of personal restraint petitions. *See In re Boone,* 103 Wn.2d 224, 233, 691 P.2d 964 (1984); *In re Gunter,* 102 Wn.2d 769, 774, 689 P.2d 1074 (1984); *In re Richardson,* 100 Wn.2d 669, 679, 675 P.2d 209 (1983). In all other personal restraint petitions, however, constitutional error is not presumed to have denied a convicted defendant the right to a fair trial, subject to rebuttal by proof that more likely than not the defendant's right to a fair trial was actually and substantially prejudiced. *In re Haverty,* 101 Wn.2d at 505–06; *In re Reismiller,* 101 Wn.2d 291, 297, 678 P.2d 323 (1984).

Here, the failure of the trial court to direct the jury to elect an act that constituted the crime charged or failure of the prosecutor to elect a specific event was not harmful per se. Hence, we cannot say as a matter of law that this error actually prejudiced Mr. Childress. We therefore must determine whether Mr. Childress meets his burden in demonstrating actual prejudice.

Mr. Childress chose not to put on a case in chief to refute the alleged occurrence of either act placed in evidence; the jury was presented with no means to discriminate between the two incidents attested to by the victim. In this respect, Mr. Childress' trial was similar to *People v. Deletto,* 147 Cal. App. 3d 458, 473, 195 Cal. Rptr. 233 (1983), *cert. denied,* 466 U.S. 952 (1984), where the prosecution's only

evidence was testimony from the victim and defense presented no evidence to allow the jury to distinguish between the alleged acts; the court thus determined that the evidence did not permit the jury to rationally discriminate between the two incidents. The *Deletto* court held that failure to ensure jury unanimity on a single incident constituting the crime charged was harmless error. *Compare Hagler,* 97 Wn.2d at 827 (improper burden of proof instruction not prejudicial because proper instruction probably would not have influenced the outcome of the case) *with In re Lile,* 100 Wn.2d 224, 229, 668 P.2d 581 (1983) (actual prejudice shown because defendant presented evidence to refute guilt and jury was improperly instructed on a presumption). Mr. Childress fails to show that the error in his case actually prejudiced his right to a fair trial.

We decline to review the other issues raised by Mr. Childress. His personal restraint petition is denied.

## IV
### CONCLUSION

We cannot say that the failure to ensure a unanimous jury verdict in *State v. Kitchen, supra,* and State v. Albert Coburn was harmless error; those matters are therefore reversed and remanded for a new trial. The personal restraint petition filed by Mr. Childress is denied because he has not demonstrated that more likely than not he suffered actual and substantial prejudice to his right to a fair trial.

PEARSON, C.J., and BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.