[No. 77706-3.  En Banc.]
Argued October 17, 2006.     Decided January 25, 2007.

THE STATE OF WASHINGTON, *Respondent*, v. JOHN E. COLEMAN, JR., *Petitioner*.

*Oliver R. Davis* (of *Washington Appellate Project*), for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Brian M. McDonald, Deputy*, for respondent.

¶1 C. JOHNSON, J. — This case involves whether the lack of a *Petrich*[1] unanimity instruction was harmless error where the jury heard contradictory evidence as to at least one act in a multiple acts case. Prejudice is presumed in a multiple acts case where there is neither an election nor a unanimity instruction. The State agrees that a unanimity instruction was required here. In this case, because a rational juror could have a reasonable doubt whether at least one incident supporting the charge occurred, the presumption of error is not overcome and the error is not clearly harmless. We reverse the Court of Appeals.

---

[1] Recognizing that election of a particular act may at times be impractical, we modified the *Workman* (*State v. Workman*, 66 Wash. 292, 119 P. 751 (1911)) rule and allowed either an election or a unanimity instruction. *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984).

¶2 Coleman was charged with molesting two children, C.V. and M.D., over a period of three years. Count I charged Coleman with molestation of C.V.; count II with molestation of M.D. The jury found Coleman guilty on both counts. The judge imposed concurrent 300-month exceptional sentences. The judge found that Coleman abused a position of trust[2] and that the offense was part of a pattern of abuse.

¶3 Coleman appealed the omitted unanimity instruction.[3] Based on the lack of a unanimity instruction, the Court of Appeals reversed on count II (the count regarding M.D.).[4] As to count I (regarding molestation of C.V.), the Court of Appeals affirmed; the omitted unanimity instruction was not prejudicial because the State did not *emphasize* specific incidents of molestation. *State v. Coleman*, noted at 128 Wn. App. 1003, 2005 Wash. App. LEXIS 1356, at *2. We granted Coleman's petition for review challenging the finding of harmless error. *State v. Coleman*, 157 Wn.2d 1001, 136 P.3d 758 (2006). We also granted the State's challenge to the Court of Appeals' remand for imposition of a standard range sentence.

■■ ¶4 To convict on a criminal charge, the jury must be unanimous that the defendant committed the criminal act. When the prosecution presents evidence of multiple acts of like misconduct, any one of which could form the basis of a count charged, either the State must elect which of such acts is relied upon for a conviction or the court must instruct the jury to agree on a specific criminal act. By requiring a unanimous verdict on one criminal act, we

---

[2] Coleman is related to C.V. C.V. testified that Coleman is her grandmother's brother. 10 Report of Proceedings at 15. The State's position is that Coleman is her grandfather's brother. Br. of Resp't at 2.

[3] Coleman also appealed the exceptional sentence. The Court of Appeals reversed Coleman's exceptional sentence as invalid under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). It held that if found guilty on count II, Coleman was entitled to be resentenced within the standard range. As discussed below, we need not address the sentencing issue.

[4] The Court of Appeals wrote that "error was harmless as to Count II." *State v. Coleman*, noted at 128 Wn. App. 1003, 2005 Wash. App. LEXIS 1356, at *1. The court actually affirmed Coleman's conviction on count I (the count involving C.V.), citing harmless error. It reversed on count II.

protect a criminal defendant's right to a unanimous verdict based on an act proved beyond a reasonable doubt. *State v. Camarillo*, 115 Wn.2d 60, 63-64, 794 P.2d 850 (1990).

¶5 An election or instruction that all 12 jurors must agree that the same underlying act has been proved beyond a reasonable doubt assures a unanimous verdict on one criminal act. Where there is neither an election nor a unanimity instruction in a multiple acts case, omission of the unanimity instruction is presumed to result in prejudice. The omission is error because of the possibility that some jurors relied on one act or incident and some relied on another, resulting in a lack of unanimity on all of the elements necessary for a valid conviction. *State v. Kitchen*, 110 Wn.2d 403, 411-12, 756 P.2d 105 (1988). The unanimity instruction requirement avoids the risk that jurors will aggregate evidence improperly. Without the election or instruction, each juror may arrive at a guilty verdict by responding to testimony about discrete incidents—incidents which, if an election were made, the jury may not all agree occurred.

¶6 A conviction beset by this error will not be upheld unless the error is harmless beyond a reasonable doubt. The presumption of error is overcome only if no rational juror could have a reasonable doubt as to any of the incidents alleged. *Kitchen*, 110 Wn.2d at 411-12.

¶7 In *Kitchen*, we concluded that the presumption was not overcome as to two defendants.[5] The incidents that gave rise to the claim against James Kitchen had occurred over slightly more than one year. The victim described several episodes that could constitute statutory rape. For each incident she described in detail the place and circumstances. Yet some evidence weakened her story. For example, she was not always certain as to exact dates. The defense introduced several contradictory statements made by the victim, including testimony that her allegations were

---

[5] *Kitchen* was a consolidated case involving three matters. Error was not harmless as to James Kitchen and Albert Coburn, but was harmless as to Samuel Childress.

fabricated. The jury also heard character and reputation testimony. *Kitchen*, 110 Wn.2d at 406-07. Similarly, in that case Albert Coburn introduced evidence including contradictory statements by the victim or witnesses. Witnesses testified that the child's behavior might be explained by other contemporary sources of stress. Coburn also introduced character evidence and denied the allegations.

¶8 We reversed the convictions, finding that jurors could have rested their finding of guilt on different episodes. Based on the testimony we concluded that a rational juror could have entertained reasonable doubt whether one or more of the acts occurred. *Kitchen*, 110 Wn.2d at 412. *Kitchen* requires that a unanimity instruction be given when separate identifiable instances of criminal conduct are introduced in support of a single charge and there is conflicting testimony such that a rational juror could reasonably doubt whether one or more incidents actually occurred.

¶9 *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984), also supports this conclusion. Petrich was charged with indecent liberties and second degree statutory rape. The victim discussed at least four episodes at length. She also acknowledged other incidents. She said the incidents usually occurred at her grandparent's home or in a truck on weekends or vacation. But she was unsure regarding the dates and places of all the incidents she alleged and was uncertain regarding the type of contact.

¶10 The State concedes that a unanimity instruction was necessary "[b]ecause there was evidence of multiple acts of molestation with respect to each victim." Br. of Resp't at 10.[6] The State also maintains its concession that testimony was inconsistent as to whether touching occurred at the movie *Snow Dogs* (Disney 2002). Br. of Resp't at 15-16. The State argues, however, that the *Snow Dogs* incident was not the focus of the case and hence any lack of unanimity is harmless.

---

[6] In its answer, the State rested on its briefing to the Court of Appeals. The State used the answer to raise an additional issue: whether the trial court can, upon remand, impose an exceptional sentence. The issue is discussed below.

¶11 The facts support the State's concessions that there was evidence of multiple incidents as to each victim and that testimony was inconsistent as to at least one incident involving C.V. The jury heard from C.V.'s teacher, Sarah McAlpin. McAlpin testified that C.V. told her that Coleman had been touching her on and under her clothes. McAlpin told the jury C.V. said the touching occurred during times when Coleman would take her to movies or go out to dinner. 5 Report of Proceedings (RP) at 16.

¶12 The State called a child protective services social worker, Majorie Trudnowski, who told the jury that C.V. described how Coleman touched her at the movie *Snow Dogs* the previous Friday. 2 RP at 44. Trudnowski testified C.V. told her about other incidents of touching at Coleman's house and in Coleman's car. 2 RP at 46-47. Testifying later, the school's counselor, Christine Barnes, said that C.V. told her Coleman touched her at C.V.'s house and Coleman's house. Barnes contradicted Trudnowski regarding the incident at *Snow Dogs*, telling the jury C.V. said that "nothing really happened" at the movie. 2 RP at 99. C.V. herself denied that anything happened at the movie. 10 RP at 63-64. M.D. likewise testified that "nothing really happened" at the movie. 9 RP at 185. The facts support the State's concessions, both that the movie incident was a discrete act and that whether it occurred is controverted.

¶13 The facts do not support the State's argument that the error was harmless because the disputed incidents were not the focus of the trial. An election or unanimity instruction may not be required in a multiple act case if there is no controverted evidence. *Camarillo*, 115 Wn.2d 60. But the case before us is not one lacking controverted evidence; e.g., a case in which a witness says off-handedly that abuse occurred in five different instances but describes with particularity only one instance. The focus of a trial, at least for jurors, potentially changes once evidence is introduced of separate identifiable incidents.

¶14 Trudnowski was called early in the trial. She described the incident at *Snow Dogs* in some detail. The jury

learned that the story was recounted to Trudnowski within weeks of the alleged incident. A juror could find Trudnowski especially credible: she was, for example, the first trained interviewer not employed by C.V.'s school to interview her. A juror could believe that C.V. gave more candid testimony to Trudnowski than she gave in later interviews as the attention on C.V. increased.

¶15 Though its witnesses could not concur about whether molestation occurred at the movie, the State continued to insinuate that it did. C.V. was called to the stand and asked if she was touched at the movie. The transcript suggests the prosecutor was surprised when C.V. said that no molestation occurred at *Snow Dogs*. Yet even then the State did not abandon the allegation of touching at the movie but instead drew attention to it. In closing arguments the prosecutor urged the jury to ignore C.V.'s contradictory stories about *Snow Dogs*. The prosecutor said, "[A]t one point something happened during the movies and another point it didn't happen . . . does that make her a liar? . . . Is it possible she just doesn't remember anymore?" 11 RP at 19. The State then referred to the movie a second time. It argued that C.V.'s lack of specificity in describing incidents *other than the movie* might be because "this has been going on a lot longer" for C.V. and that the incidents "all blend together." 11 RP at 21-22. The State tried to minimize the discrepancy, suggesting the jurors should "not get distracted by details" and instead "answer . . . did Uncle Johnny touch these girls?" 11 RP at 23, 26. But the jury was not directed to disregard the detailed testimony alleging molestation at the movie.

¶16 Reversal is required because this was a multiple acts case, prejudice is presumed, and there is a risk of a lack of unanimity on all the elements. The incident was a focus of the trial, and a rational juror could have believed that molestation occurred at *Snow Dogs*. It was error to omit the instruction.

¶17 Finally, the State asks us to address whether it may seek an exceptional sentence on remand. At the Court of

Appeals, the State agreed that the exceptional sentence imposed by the trial judge was error under the reasoning of the United States Supreme Court opinion in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), but it argued that the error was harmless. The Court of Appeals rejected that argument and remanded count I with instructions to resentence to a standard range sentence.

¶18 In the briefing before us, the State presents two arguments on the proper remedy on remand. First, the State argues that on remand, the jury should be permitted to find aggravating circumstances pursuant to the amendments to the Sentencing Reform Act of 1981, chapter 9.94A RCW, Laws of 2005, ch. 68. This statute was enacted to "fix" the constitutional problems found by the United States Supreme Court with the prior sentencing procedures. Second, the State argues that inherent authority exists to seek an exceptional sentence independent of the statutory amendments, citing to Washington Superior Court Criminal Rule (CrR) 6.16(b).[7]

¶19 Because both of these arguments are resolved in *State v. Pillatos*, 159 Wn.2d 460, 150 P.3d 1130 (2007), we need not further address them here.

## CONCLUSION

¶20 We find that it was not harmless error to fail to give a unanimity instruction where the State introduced evidence of distinguishable acts that could satisfy the crime

---

[7] The cited portion of that rule reads as follows:

(b) **Special Findings.** The court may submit to the jury forms for such special findings which may be required or authorized by law. The court shall give such instruction as may be necessary to enable the jury both to make these special findings or verdicts and to render a general verdict. When a special finding is inconsistent with another special finding or with the general verdict, the court may order the jury to retire for further consideration.

CrR 6.16(b).

charged. The Court of Appeals is reversed, and this case is remanded to the trial court for further proceedings.

ALEXANDER, C.J., and SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.

MADSEN, J., concurs in the result only.