[No. 38185-1-II.   Division Two.   September 1, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD E. YORK, *Appellant*.

*Christopher Gibson* (of *Nielsen, Broman & Koch, PLLC*) and *Kira T. Franz*, for appellant.

*Gary P. Burleson, Prosecuting Attorney*, and *Edward P. Lombardo, Deputy*, for respondent.

¶1 ARMSTRONG, J. — A jury convicted Richard E. York of four counts of second degree child rape for having sexual intercourse with S.B., a 12-year-old child. He appeals his conviction on one of those counts, count 4, arguing that his constitutional right to a unanimous jury verdict was violated when the State failed to identify a specific act on which to convict him and the trial court failed to give a unanimity instruction. Pro se, he also argues that his counsel was ineffective for not selecting the best jurors, rushing through the trial, and not meeting with him enough before trial. We agree that York is entitled to a new trial on the challenged count, but we otherwise find no merit to York's arguments. We reverse and remand.

## FACTS

¶2 The State charged York with four counts of second degree rape of a child for having sexual intercourse with S.B., a 12-year old child. At trial, S.B. testified that York had sexual intercourse with her numerous times. She identified three specific instances: once in the woods outside Cindy York's[1] home on January 9, 2008; once in the same location about a month earlier; and once in York's bedroom in the basement of Cindy's home. S.B. testified that sex also occurred on many other occasions, but she could not re-

---

[1] Cindy York is Richard York's aunt, whom he was allegedly living with. For convenience, we refer to her as "Cindy."

member specific dates or instances other than those already identified. She testified that she spent the night at Cindy's house "like, every Friday night" and that York would have sex with her "[m]ost of the time." Report of Proceedings (RP) at 295-96.

¶3 After the State rested, defense counsel moved to dismiss count four because the State presented no evidence of a specific incident. The trial court denied the motion. During closing arguments, the prosecutor supported count four by stating that "[S.B.] talked about a pattern . . . she said it happened a lot. . . . It's not anything you can hang a number on. And she said it happened all the time or some of the time or none of the time." RP at 430. The jury convicted York on all four counts. York now appeals only count 4.

## ANALYSIS

### Unanimity Instruction

¶4 York argues that the trial court violated his constitutional right to a unanimous jury verdict when it failed to give a unanimity instruction on count 4. He asserts that such an instruction was required because the State did not identify a specific act for the count and the evidence at trial included multiple acts that could have provided the basis for a guilty verdict. We agree.

¶5 A criminal defendant has the right to a unanimous jury verdict. *State v. Coleman*, 159 Wn.2d 509, 511, 150 P.3d 1126 (2007). When the prosecution presents evidence of multiple acts of like misconduct, any one of which could form the basis of a count charged, either the State must elect which of such acts the State is relying on for a conviction or the court must instruct the jury to agree on a specific criminal act. *Coleman*, 159 Wn.2d at 511. These precautions assure that the unanimous verdict is based on the same act proved beyond a reasonable doubt. *Coleman*, 159 Wn.2d at 511-12 (citing *State v. Camarillo*, 115 Wn.2d 60, 63-64, 794 P.2d 850 (1990)).

¶6 Here, the evidence supporting count 4 was S.B.'s testimony that she spent the night at Cindy's house once a week for about a year and that York had sex with her on most of those occasions. This evidence presented the jury with multiple acts of like misconduct, any one of which could form the basis of count 4. *See Coleman*, 159 Wn.2d at 511. Because the State did not specify an act for count 4, the trial court should have given a unanimity instruction to ensure that the jurors agreed that a specific act, out of the multiple acts S.B. described, supported the count 4 conviction beyond a reasonable doubt.

¶7 The State argues that the trial court did not err because "the jury could have used the additional 'other times' that S.B. had sex with York as the specific act required." Br. of Resp't at 5. This logic is clearly at odds with the purpose of the unanimity requirement, which seeks to ensure that the jury agrees unanimously on a specific underlying act. As the Supreme Court stated in *State v. Petrich*, " 'The greater the number of offenses in evidence, the greater the possibility, or even probability, that all of the jurors may never have agreed as to the proof of any single one of them. . . .' " 101 Wn.2d 566, 570, 683 P.2d 173 (1984) (alteration in original) (quoting *State v. Workman*, 66 Wash. 292, 294-95, 119 P. 751 (1911)), *overruled on other grounds by State v. Kitchen*, 110 Wn.2d 403, 756 P.2d 105 (1988).

¶8 The State also suggests that no unanimity instruction was required because the evidence showed multiple acts making up a "pattern" of abuse. Br. of Resp't at 8. It is true that in some situations "a continuing course of conduct may form the basis of one charge in an information." *State v. Crane*, 116 Wn.2d 315, 326, 804 P.2d 10 (1991) (citing *Petrich*, 101 Wn.2d at 571). In *Crane*, the State had charged the defendant with the second degree murder of a child the defendant had been caring for. *Crane*, 116 Wn.2d at 321. The State's medical expert agreed that the fatal blow or blows were inflicted within a two-hour time period. *Crane*, 116 Wn.2d at 329-30. Our Supreme Court held that

the trial court did not err in refusing to give a unanimity instruction because the fatal blows fell within the "continuous conduct" exception to the need for jury unanimity. *Crane*, 116 Wn.2d at 330, 333. The court reasoned that a *Petrich* unanimity instruction is required only where the evidence *"supports several criminal acts* which would support conviction of a criminal offense." *Crane*, 116 Wn.2d at 330. Under the "continuous conduct" exception, the jury must be unanimous only that the continuous conduct occurred. *Crane*, 116 Wn.2d at 330. Here, S.B. testified to numerous separate rapes, each of which could have been the basis for count 4. Under *Crane*, the charge requires a unanimity instruction. The trial court should have instructed the jury on the need for unanimity on count 4.

¶9 Finally, the State argues that the lack of a unanimity instruction was harmless. But the failure to give a required unanimity instruction will be deemed harmless only if no rational juror could have a reasonable doubt as to any of the incidents alleged. *Coleman*, 159 Wn.2d at 512 (citing *Kitchen*, 110 Wn.2d at 411-12). Here, we have no way to determine which specific act the jury relied on when considering the fourth count or whether it simply convicted him because the victim testified they had sex "[m]ost of the time." Thus, we cannot evaluate the force of the evidence as to that count. And, the evidence was conflicting. Cindy testified that York never stayed at her home during the relevant period, so jurors could reasonably disagree about whether York ever engaged in sexual intercourse with S.B. at Cindy's residence during an overnight stay. *See State v. Barr*, 123 Wn. App. 373, 384, 98 P.3d 518 (2004) (constitutional error not harmless because "[a]t its heart, the ultimate issue here revolved around an assessment of the credibility of [the defendant] and [victim]").

¶10 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

PENOYAR, A.C.J., and HOUGHTON, J., concur.