

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JAN 13 AM 9: 46

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68845-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIMITRI NICHOLAS EVANOFF, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: January 13, 2014 |
| | ) | |

VERELLEN, J. — Dimitri Evanoff appeals his judgment and sentence for

threatening to bomb or injure property. He argues that the trial court erred in failing to

require jury unanimity as to which act of threatening to bomb or injure property proved

the charge. The necessity for a unanimity instruction only arises in multiple acts cases,

not where the evidence indicates a continuing course of conduct.[1] Because Evanoff's

threats formed a continuing course of conduct, we hold that no unanimity instruction

was required. Evanoff also argues, and the State concedes, that the trial court erred in

imposing mental health evaluation and treatment as a condition of his community

custody. Under RCW 9.94B.080, the trial court must comply with certain statutory

prerequisites before imposing that condition, including consideration of a presentence

---

[1] State v. Handran, 113 Wn.2d 11, 17, 775 P.2d 453 (1989) (quoting State v. Petrich, 101 Wn.2d 566, 571, 683 P.2d 173 (1984), overruled on other grounds by State v. Kitchen, 110 Wn.2d 403, 405-06, 756 P.2d 105 (1988)).

report or mental health evaluation and entry of a finding that Evanoff is a mentally ill person. Because the trial court did not satisfy either of these prerequisites, this condition must be vacated. Therefore, we affirm the conviction, but remand with instructions for correction of the sentencing error.

## FACTS

On January 3, 2012, Evanoff visited the North Bend Bank of America branch because he was unable to obtain access to money in his account. Upon entering the bank, he approached Charles Delurme, a merchant teller who was helping another customer. Evanoff stated that his account was messed up and he was not going to leave until it was fixed. Delurme testified that Evanoff was agitated. Delurme told Evanoff that he would have to wait at the end of the line or take a seat in the lobby so that a personal banker could help him. Evanoff then told Delurme "I'm going to blow you and this place up."[2] Then the bank manager, Jana Day, approached Evanoff.

Day took Evanoff to her desk. She testified that he was "rambling," very upset, and could not understand why his card was not working.[3] He said to her "You guys are going to give me my money."[4] Shortly thereafter he said, "I'm just going to kill you guys and blow up the bank."[5] In order to defuse the situation and get Evanoff out of the bank, Day gave him the cash that he requested and he left. A few minutes later, Evanoff reentered the bank and Day told another bank employee to call the police.

---

[2] Report of Proceedings (RP) (Apr. 18, 2012) at 30.

[3] Id. at 36.

[4] Id. at 37.

[5] Id. at 39.

Evanoff requested a temporary debit card and Day gave him one. Just as they were finishing the transaction, the police arrived.

The State charged Evanoff with one count of threatening to bomb or injure property. A jury found him guilty on that count. As part of Evanoff's sentence, the trial court imposed 12 months of community custody and ordered him to obtain a mental health evaluation within 30 days of release and to follow all treatment recommendations. Evanoff appeals.

## DISCUSSION

### Unanimous Jury Verdict

Evanoff challenges his conviction for threatening to bomb or injure property. He contends that the State presented evidence of two distinct threats to bomb Bank of America: the threat communicated to Delurme and the threat communicated to Day. Evanoff argues that because there was evidence of two threats, but only one count charged, either a unanimity instruction was required or the State was required to elect one of the two threats as the basis for the charge. Because there was no unanimity instruction and the State made no election, Evanoff claims that constitutional error occurred and his conviction should be reversed. We disagree.

"[A] defendant may be convicted only when a unanimous jury concludes that the criminal act charged in the information has been committed."[6] If the State presents evidence of multiple distinct acts that could form the basis of one charge, the State must

---

[6] Petrich, 101 Wn.2d at 569.

tell the jury which act to rely on or the court must instruct the jury to agree on a specific act.[7] We review alleged instructional errors de novo.[8]

The threshold question in determining whether a unanimity instruction was required is whether the prosecution was a "multiple acts case."[9] The necessity for a prosecutorial election or a unanimity instruction does not arise when the evidence indicates a "continuing course of conduct."[10] To determine whether there is a continuing course of conduct, we evaluate the facts in a commonsense manner considering the time separating the criminal acts and whether the criminal acts involved the same parties, location, and ultimate purpose.[11] Evidence that a defendant engaged in a series of actions intended to secure the same objective supports the characterization of those actions as a continuing course of conduct rather than as several distinct acts.[12]

The premise of Evanoff's argument is that this was a multiple acts prosecution. Viewed in a commonsense manner, the evidence fails to support his argument. The two acts of threatening to bomb occurred at the same location. Both acts occurred on the same morning, with only a brief gap between them. And while this case technically involves multiple victims, both Delurme and Day are Bank of America employees. Each assisted Evanoff when he visited the bank that morning and no evidence indicates that Evanoff viewed the bank employees as discrete victims. To the contrary, each act of

---

[7] Id. at 572; State v. Coleman, 159 Wn.2d 509, 511, 150 P.3d 1126 (2007).

[8] State v. Sibert, 168 Wn.2d 306, 311, 230 P.3d 142 (2010).

[9] See State v. Bobenhouse, 166 Wn.2d 881, 892, 214 P.3d 907 (2009).

[10] Handran, 113 Wn.2d at 17 (quoting Petrich, 101 Wn.2d at 571).

[11] State v. Brown, 159 Wn. App. 1, 14, 248 P.3d 518 (2010).

[12] State v. Fiallo–Lopez, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995).

threatening to bomb furthered a single objective: to retrieve his money from the bank. The trial court did not err in failing to give a unanimity instruction.

Evanoff argues that the plain language of the threatening to bomb or injure property statute is aimed at criminalizing a single act, rather than a course of conduct and, therefore, a continuous course of conduct analysis cannot apply. He relies on State v. Alvarez, where this court held that a defendant could be convicted of harassment for a single act or threat based on the unambiguous language of the statute.[13] But that case did not address the issue of unanimity. There, the issue was whether the court should override the unambiguous elements section of the harassment statute by adding language from a statement of intent that the purpose of the statute was to punish repeated invasions of a person's privacy by acts and threats showing a pattern of harassment.[14] For this reason, Alvarez is not applicable here and does not require reversal.

### Community Custody Condition

Evanoff argues, and the State concedes, that the trial court failed to make the statutorily required findings for imposing mental health evaluation and treatment as a condition of community custody.[15] The trial court did not obtain a presentence report or enter the necessary findings regarding Evanoff's mental health, as required by RCW 9.94B.080. Therefore, we accept the State's concession.

---

[13] 74 Wn. App. 250, 258, 872 P.2d 1123 (1994), aff'd 128 Wn.2d 1, 904 P.2d 754 (1995).

[14] Id. at 257.

[15] See RCW 9.94B.080; State v. Jones, 118 Wn. App. 199, 209-10, 76 P.3d 258 (2003).

We affirm the conviction, reverse the section of the judgment and sentence containing the challenged community custody condition, and remand for further proceedings consistent with this opinion.[16]

WE CONCUR:

---

[16] See Jones, 118 Wn. App. at 212 n.33 (indicating, without deciding, that the trial court may have the authority to comply with the RCW 9.94B.080 on remand).