# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70133-9-I |
| Respondent, | ) | |
| v. | ) | DIVISION ONE |
| NICHOLAS VEILLEUX, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: April 21, 2014 |

SPEARMAN, C.J. — Refusal to identify oneself to the police is insufficient to support a conviction for obstructing a law enforcement officer. Here, however, there was more than the defendant's refusal to identify himself. The defendant's behavior required four police officers to accompany him to headquarters in order to obtain his fingerprints. Once there, the defendant repeatedly refused to cooperate with the fingerprint technician, delaying his transport to the King County Jail. Accordingly, the evidence was sufficient to support the defendant's conviction and we affirm.

## FACTS

Alerted by his home security chime system, David Jones called 911. Several officers responded to the 911 call that an intruder was in the house. Nicholas Veilleux was discovered in the basement theater of the home and was apprehended by Officers Koshak and Sabay. Veilleux was uncooperative with law enforcement at the scene,

refusing to give his name on request. Several officers, including Officer Renner, returned to the Southwest Precinct to assist the primary officer, Koshak, with the arrest.

Officers McDougald and Renner transported Veilleux to headquarters to obtain his fingerprints before taking him to the King County Jail. Officers Galbraith and Wengard followed in another vehicle. Officer Melissa Wengard testified that additional officers were needed because Veilleux had maneuvered his handcuffs from behind his body around to the front of his body when he was transported earlier from the crime scene. Veilleux was noncompliant with the police officers' commands to exit the patrol car in a certain manner. While walking to the fingerprinting area, Veilleux periodically went limp, requiring the officers to carry him.

In order to be fingerprinted, Veilleux's handcuffs had to be removed. The four police officers surrounded him as the fingerprint technician attempted to obtain useful fingerprints. Each time, Veilleux would arch his fingers and clench his hand. After approximately three unsuccessful attempts to obtain useful fingerprints, the officers re-handcuffed Veilleux and transported him across the street to the King County Jail where he was booked as a John Doe.

The State charged that on November 5, 2012, Veilleux committed the crimes of obstructing a law enforcement officer and residential burglary, alleging, as to the latter crime, an aggravating factor that the victim was present during its commission. A jury found him guilty as charged. The trial court sentenced Veilleux to a standard range sentence of credit for time served for the residential burglary. On the obstruction charge, a gross misdemeanor for which the maximum term is 364 days,[1] Veilleux received a

---

[1] RCW 9.92.020.

suspended jail sentence, provided he complied with certain conditions. Veilleux appeals only the obstruction conviction, contending that there was insufficient evidence to support the finding of guilt.

ANALYSIS

Sufficient evidence supports a conviction if, when viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences from that evidence.[2] On review, this court need not be convinced of the defendant's guilt beyond a reasonable doubt, only that substantial evidence supports the State's case.[3] We do not review issues of credibility or persuasiveness of the evidence.[4]

RCW 9A.76.020(1) provides that a "person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." The court used nearly identical language when it defined the crime of obstructing a law enforcement officer for the jury.[5] The court also instructed the jury that to convict Veilleux of the crime

---

[2] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[3] State v. Fiser, 99 Wn. App. 714, 718, 995 P.2d 107 (2000).

[4] Fiser, 99 Wn. App. at 719.

[5] Instruction 19 states,
    A person commits the crime of obstructing a law enforcement officer when he willfully hinders, delays, or obstructs any law enforcement officer in the discharge of the law enforcement officer's official powers or duties.

Clerk's Papers (CP) at 99.

of obstructing a law enforcement officer, the State must prove each of the following elements of the crime beyond a reasonable doubt:

> (1) That on or about November 5, 2012, the defendant willfully hindered, delayed, or obstructed Officer Renner, a law enforcement officer, in the discharge of his official powers or duties;
>
> (2) That the defendant knew that the law enforcement officer was discharging official duties at the time;
>
> (3) That the acts occurred in King County, Washington.

CP at 103 (Instruction 23).

Veilleux argues that, although he was specifically charged with obstructing Officer Renner, nothing in the record shows that he obstructed Officer Renner in particular. Veilleux contends that, while there was testimony from various officers that he refused to identify himself and gave nonsensical numbers in response to questions about his date of birth, there was no testimony that he refused to answer any questions asked by Officer Renner. He points to Officer Renner's testimony that "I don't believe I asked him any questions other than maybe for more information about his name and date of birth" and that, "I don't remember any response he gave."[6]

Veilleux also argues that because Officer Renner was not one of the officers walking him into headquarters, his refusal to cooperate by going limp, cannot be considered evidence of obstructing Officer Renner. He further contends that the only conduct which could be construed to be obstructive was his clenching his hand so that fingerprints could not be taken, but since Officer Renner did not conduct the attempted fingerprinting, he argues he was not obstructing Renner. Finally, relying on State v.

---

[6]Verbatim Report of Proceedings (VRP) (2/12/13) at 63.

4

Williams,[7] Veilleux argues that his obstruction conviction is based solely on his silence and his speech, not on his conduct, and therefore must be reversed. These contentions are without merit.

The undisputed evidence shows that the official purpose of Officer Renner's presence during the arrest of Veilleux was to "assist the primary officer, Officer Koshak."[8] His duty that night was to get Veilleux "[s]afely to fingerprinting, safely to jail, that's it."[9] Viewing the evidence in the light most favorable to the State, as we must, any rational trier of fact could easily conclude beyond a reasonable doubt that Veilleux knowingly hindered, delayed or obstructed Officer Renner in carrying out this duty by providing inaccurate information about his date of birth, going limp while being taken into custody and refusing to be fingerprinted. There is sufficient evidence to support the conviction.

Veilleux's reliance on Williams[10] is misplaced. In that case, the defendant, Williams, was arrested on a theft charge. When asked by the arresting officer to identify himself, Williams gave his brother's name instead of his own. He was unable to remember or produce any other identifying information. When the police learned that he had given a false name, Williams was charged with, among other things, obstructing a law enforcement officer. Our Supreme Court reversed his conviction, holding that the State constitution requires "conduct in addition to pure speech in order to establish obstruction

---

[7] 171 Wn.2d 474, 484, n.10, 251 P.3d 877 (2011). See also State v. Contreras, 92 Wn. App. 307, 316, 966 P.2d 915 (1998).

[8] VRP (2/19/13) at 111-12.

[9] VRP (2/20/13) at 30.

[10] 171 Wn.2d 474.

of an officer."[11] But <u>Williams</u> is of no help to Veilleux because here, the evidence supporting his obstruction conviction consists of both speech and conduct. This case is more similar to <u>Contreras</u>.[12] There, the defendant appealed his conviction of obstructing a police officer, arguing the evidence was insufficient because he merely refused to identify himself to the arresting officer. We rejected his argument because:

> Contreras did more than merely refuse to talk. He also disobeyed the officer's orders to put his hands up in view of [the officers], to exit the car and the keep his hands on top of the car, and to provide his name. Instead, he gave [the arresting officer] a false name.[13]

Likewise here, it is Veilleux's conduct in addition to his speech that provides sufficient evidence to support his conviction.

Veilleux also argues that the court erred in failing to require jury unanimity as to which act constituted the obstruction of justice. The necessity for a unanimity instruction only arises in multiple acts cases, not where the evidence indicates a continuing course of conduct.[14] To determine whether there is a continuing course of conduct, we evaluate the facts in a commonsense manner considering the time separating the criminal acts and whether the criminal acts involved the same parties, location, and ultimate purpose.[15] Evidence that a defendant engaged in a series of actions intended to secure the same objective supports the characterization of those actions as a continuing course of conduct

---

[11] <u>Williams</u>, 171 Wn.2d at 485.

[12] 92 Wn. App. 307.

[13] <u>Contreras</u>, 92 Wn. App. at 316.

[14] <u>State v. Handran</u>, 113 Wn.2d 11, 17, 775 P.2d 453 (1989) (quoting <u>State v. Petrich</u>, 101 Wn.2d 566, 571, 683 P.2d 173 (1984), <u>overruled on other grounds by</u> <u>State v. Kitchen</u>, 110 Wn.2d 403, 405-06, 756 P.2d 105 (1988)).

[15] <u>State v. Brown</u>, 159 Wn. App 1, 14, 248 P.3d 518 (2010).

rather than as several distinct acts.[16] Here, the defendant's actions since his arrest signified his willingness to obstruct the police in the commission of their job. His manipulating his handcuffed hands from his back to the front of his body, his assertion that the police severed his spine, his periodically going limp when entering the police station, and his refusal to follow directions to enable the fingerprints to be taken, all constituted a continuing course of conduct. Accordingly, a unanimity instruction was not warranted.

Affirmed.

_____Spearman, C.J._____

WE CONCUR:

_____Verellen, A.C.J._____          _____Leach, J._____

---

[16] State v. Fiallo-Lopes, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995).

COURT OF APPEALS DIV I
STATE OF WASHINGTON
2014 APR 21 AM 9: 50