IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 69935-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| NELSON DEAN STRUNK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

BECKER, J. — The right to jury unanimity in a residential burglary case does not include unanimous agreement as to the means of committing a crime where sufficient evidence supports both alternatives. The prosecutor in this case stated the law correctly when he told the jury they did not have to be unanimous as to the means.

Appellant Nelson Dean Strunk was charged with one count of second degree burglary arising out of an incident that occurred on October 26, 2011. A jury convicted him as charged on January 23, 2012. On appeal, Strunk contends the prosecutor committed misconduct by misstating the jury unanimity requirement in his closing argument:

> See, the jury instructions tell you that a person commits the crime of residential burglary if they either enter or remain with the intent to commit a crime. And, in fact, six of you can come back guilty

that he intended to enter the house to commit a crime. Six of you can come back and believe that he remained with the intent to commit . . . a crime. That's fine. It's either/or.

Defense counsel objected. The objection was overruled.

Jury verdicts in criminal cases must be unanimous as to the crime charged. State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994), citing WASH. CONST. art 1, § 21. Strunk relies on State v. Kitchen, 110 Wn.2d 403, 756 P.2d 105 (1988), and State v. Petrich, 101 Wn.2d 566, 683 P.2d 173 (1984). But Kitchen and Petrich are multiple acts cases, not alternative means cases. In a multiple acts case, all 12 jurors must agree on the particular act the defendant committed. Kitchen, 110 Wn.2d at 409. In contrast, unanimity is not required in an alternative means case where all alternative means are supported by sufficient evidence:

> The threshold test governing whether unanimity is required on an underlying means of committing a crime is whether sufficient evidence exists to support each of the alternative means presented to the jury. If the evidence is *sufficient* to support each of the alternative means submitted to the jury, a particularized expression of unanimity as to the means by which the defendant committed the crime is unnecessary to affirm a conviction because we infer that the jury rested its decision on a unanimous finding as to the means.

Ortega-Martinez, 124 Wn.2d at 707-08.

Residential burglary is an alternative means crime—it can be committed by *entering* unlawfully with intent to commit a crime or *remaining* unlawfully with intent to commit a crime. RCW 9A.52.030(1); State v. Allen, 127 Wn. App. 125, 131, 110 P.3d 849 (2005). Where sufficient evidence supports each alternative means, the jury need not unanimously decide on one. Ortega-Martinez, 124

2

Wn.2d at 707-08; State v. Spencer, 128 Wn. App. 132, 141-44, 114 P.3d 1222 (2005) (applying this rule to residential burglary).

Strunk did not argue below, and does not argue now, that the evidence was insufficient to support one of the alternative means. The prosecutor did not misstate the law.

Affirmed.

WE CONCUR:

_Beckee, J._

_Cox, J._