IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83461-4-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| TRENT WAYNE TYLER, | |
| Appellant. | |

SMITH, J. — The State charged Trent Wayne Tyler with multiple counts related to sexual assault of his younger half-sister, S.T. On appeal, he alleges violation of his constitutional right to a unanimous jury verdict. We accept the State's concession that unanimity was not assured for two of the convictions and reversal is required on those counts. We affirm the remaining convictions.

FACTS

Tyler and S.T. are half-siblings. Tyler was approximately 11 years older than S.T. and acted as a father figure to her. When she was 19 years old, S.T. reported that Tyler had sexually assaulted her. She alleged that the assaults began when she was 10 years old and continued until she was 18 years old.

The State charged Tyler with eight counts related to S.T.'s allegations: (1) child molestation in the first degree; (2) attempted rape of a child in the second degree; (3) child molestation in the second degree; (4) rape of a child in the third degree; (5) child molestation in the third degree; (6) incest in the first degree; (7) incest in the second degree; and (8) communicating with a minor for immoral

Citations and pin cites are based on the Westlaw online version of the cited material.

purposes. A jury failed to reach a verdict on any of the charges and the court declared a mistrial.

The State retried Tyler on all charges. The jury acquitted him of rape of a child in the third degree as charged in count 4, child molestation in the third degree as charged in count 5, and communication with a minor for immoral purposes as charged in count 8. The jury convicted Tyler on the other counts.

Upon sentencing, the parties agreed that count 3 for child molestation in the second degree merged with count 1, child molestation in the first degree. The two incest charges, counts 6 and 7, also merged. The court sentenced Tyler to a standard range indeterminate sentence of 130 months to life in incarceration.

Tyler appeals.

ANALYSIS

Tyler argues the trial court violated his right to a unanimous verdict by failing to elect the specific acts underlying each charge or issue a Petrich[1] instruction to the jury.

Washington criminal defendants have a constitutional right to a unanimous jury verdict. WASH. CONST. art. I, sec. § 21, State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). When the prosecution presents evidence of multiple acts of misconduct which could form the basis of a charged count, the State must elect the act to support a conviction or the court must instruct the jury to agree on a specific criminal act. State v. Coleman, 159 Wn.2d 509, 511, 150

---

[1] State v. Petrich, 101 Wn.2d 566, 572, 683 P.2d 173 (1984), abrogated in part on other grounds by State v. Kitchen, 110 Wn.2d 403, 405–06, 756 P.2d 105 (1988).

P.3d 1126 (2007). "An election or instruction that all 12 jurors must agree that the same underlying act has been proved beyond a reasonable doubt assures a unanimous verdict on one criminal act." Coleman, 159 Wn.2d at 512.

"Whether or not a unanimity instruction was required in a particular case is a question of law reviewed de novo." State v. Lee, 12 Wn. App. 2d 378, 393, 460 P.3d 701, review denied, 195 Wn. 2d 1032, 468 P.3d 622 (2020). A unanimity instruction is not necessary where the State chooses to elect an act as the basis for conviction. State v. Carson, 184 Wn.2d 207, 229, 357 P.3d 1064 (2015). For an election to be effective, the State must tell the jury which act to rely on in its deliberations. Carson, 184 Wn.2d at 227. Without either an election or a unanimity instruction in a multiple acts case, omission of the unanimity instruction is presumed prejudicial. Coleman, 159 Wn.2d at 512. "A conviction beset by this error will not be upheld unless the error is harmless beyond a reasonable doubt." Coleman, 159 Wn.2d at 512. The error is harmless only if no rational juror could have a reasonable doubt as to any of the incidents alleged. Coleman, 159 Wn.2d at 512.

Counts 3 and 7

The State concedes that unanimity was not assured for count 3 (child molestation in the third degree) and count 7 (incest in the second degree). The State acknowledges that the testimony described multiple acts that could

constitute second degree child molestation[2] and second degree incest[3]. Tyler testified and denied the acts. Given the controverted testimony, the failure to elect the acts to support these two charges or provide unanimity jury instructions to the jury was prejudicial. Tyler's right to a unanimous verdict was violated on counts 3 and 7 and reversal is required for these convictions.

### Counts 1, 2, and 6

The State contends that we should decline review of Tyler's arguments concerning unanimity in counts 1, 2, and 6 because he raises the issue for the first time on appeal.

We "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). RAP 2.5(a) is permissive and does not automatically preclude introduction of a new issue on appeal. Pulcino v. Fed. Express Corp., 141 Wn.2d 629, 649, 9 P.3d 787 (2000) overruled on other grounds by McClarty v. Totem Elec., 157 Wn.2d 214, 137 P.3d 844 (2006). As an exception to the rule, a party may raise a manifest constitutional error affecting a constitutional right for the first time on appeal. RAP 2.5(a)(3). "The defendant must demonstrate that '(1) the error is manifest, and (2) the error is truly of constitutional dimension.' " State v. Dillon, 12 Wn. App. 2d 133, 139–40, 456

---

[2] "A person is guilty of child molestation in the second degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least twelve years old but less than fourteen years old and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.086(1).

[3] "A person is guilty of incest in the second degree if he or she engages in sexual contact with a person whom he or she knows to be related to him or her, either legitimately or illegitimately, as an ancestor, descendant, brother, or sister of either the whole or the half blood." RCW 9A.64.020(2)(a).

P.3d 1199, review denied, 195 Wn.2d 1022, 464 P.3d 198 (2020) (quoting State v. O'Hara, 167 Wn.2d 91, 217 P.3d 756 (2009)). "An error is manifest when it results in actual prejudice." Dillon, 12 Wn. App. 2d at 140.

While the State argues that any error related to jury unanimity is not manifest as to counts 1, 2, and 6, the concession that Tyler's constitutional rights were violated leads us to conclude that a thorough evaluation of all counts is necessary. We exercise our discretion to review the remaining counts in order to ensure that Tyler received the rights guaranteed by our constitution.

Tyler claims that the State argued multiple acts of sexual contact supporting counts 1, 2, and 6 but failed to elect supporting actions or request a jury unanimity instruction. However, S.T.'s trial testimony establishes three specific acts and the State's closing argument pairs these acts with the associated counts.

Count 1 charged Tyler with child molestation in the first degree for sexual contact with S.T. when she was less than 12 years old as defined in RCW 9A.44.083(1). The court's instructions to the jury included that conviction for first degree child molestation required proof beyond a reasonable doubt that Tyler had sexual contact with S.T. when she was less than 12 years old. The instructions defined "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desires of either party."

S.T. described a specific incident of sexual contact that occurred when she was around 10 years old. Tyler and S.T. went for a drive in his car when he

began touching her leg and inner thigh.  S.T. testified that Tyler eventually put his hand down her pants and started touching her vagina.  In closing arguments, the State referred to this incident as evidence that Tyler had sexual contact with S.T. when she was less than 12 years old as required for child molestation in the first degree.[4]  The State clearly designated this as the act the jury should consider for the first degree molestation count.  A unanimity instruction was not necessary for count 1.

Count 2 charged Tyler with attempted rape of a child in the second degree.  Second degree rape of a child occurs when "when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and the perpetrator is at least thirty-six months older than the victim."  RCW 9A.44.076(1).  The court instructions required the jury to find that Tyler performed "any act that is a substantial step toward" having sexual intercourse with S.T. when she was between 12 and 14 years of age.

S.T. testified about an event that occurred in the bathroom at Tyler's house.  Tyler "started touching [her] and getting forceful with [her]."  He pulled down S.T.'s pants and tried to have sex with her.  He was interrupted by the sound of his baby crying in another room.  This was the only testimony

---

[4] The State cited this incident as evidence of second degree child molestation but provided the elements of first degree molestation.  "What evidence do you have that the defendant committed the crime of child molestation in the second degree?  Now, this is when you have sexual contact with a person that is less than 12 years old."  It is clear from the elements and the State's emphasis that S.T. was "probably ten at that time.  So she is definitely under 12," that the State was referring to first degree child molestation as charged in Count 1.

supporting attempted rape of a child. During closing argument, the State specifically referenced this incident in the discussion of count 2. Because S.T. testified about only one act that could support a conviction of attempted rape of a child in the second degree, a unanimity instruction was not required.

In count 6, the State charged Tyler with first degree incest under RCW 9A.64.020(1)(a). A conviction for first degree incest required the jury to find that Tyler had engaged in sexual intercourse with a person he knew to be related to him by blood. The definition of sexual intercourse provided to the jury included sexual contact between "the sex organs of one person and the mouth . . . of another." S.T. testified to only one incident of sexual intercourse, when Tyler forced her to perform oral sex on him. As the State presented evidence of only one act of sexual intercourse that would support a charge of incest in the first degree, a Petrich instruction was not necessary.

We affirm counts 1, 2, and 6, but reverse counts 3 and 7 and remand for resentencing.

_Smith, A.C.J._

WE CONCUR:

_Andrus, C.J._          _Appelwick, J.P.T._

7