FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 APR 16 AM 8: 51



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| STATE OF WASHINGTON, | ) | No. 75704-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALLAN SHERBURNE ZARTUCHE, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 16, 2018 |

SCHINDLER, J. — The State charged Allan Sherburne Zartuche in Skagit County with three counts of identity theft in the second degree in Mount Vernon on July 20, 2015; one count of identity theft in the second degree in Everett on July 21, 2015; and possession of stolen property in the second degree. The jury convicted Zartuche as charged. Zartuche seeks dismissal of identity theft in the second degree in Everett on July 21 based on improper venue and reversal of possession of stolen property in the second degree because the court did not give a unanimity instruction. Zartuche also asserts, and the State concedes, that his attorney provided ineffective assistance of counsel by failing to argue at sentencing that the three counts of identity theft on July 20 constitute the same criminal conduct. Because the identity theft statute, RCW 9.35.020(8), states the crime is committed where the victim resides, the venue was proper in Skagit

County. And because the record shows a continuing course of conduct, the court did not err in failing to give a unanimity instruction for possession of stolen property. We affirm the convictions but remand for resentencing.

Criminal Charges

Janetta Liddle lives in Anacortes in Skagit County. On July 19, 2015, Liddle left in her car her wallet with a U.S. Bank debit card, driver's license, and social security card. On July 21, Liddle discovered the car unlocked and the wallet missing. Liddle called the police to report the stolen wallet and went to U.S. Bank to report the debit card stolen.

U.S. Bank teller Jeff McInnis printed out a list of pending transactions. The printout showed one purchase and two declined transactions at Burlington Coat Factory in Mount Vernon and one purchase at the Wendy's restaurant in Mount Vernon on July 20. On July 21, there was one purchase at the Goodwill in Everett in Snohomish County and a declined transaction at Moonlight Smoke and Grocery in Everett. Liddle filed a fraud claim for the unauthorized transactions.

The Anacortes Police Department obtained security videos from Burlington Coat Factory and the Goodwill. The July 20 security video from Burlington Coat Factory shows two men, later identified as Thomas Allen Christian and Allan Sherburne Zartuche, standing at a cash register. Christian and Zartuche use a debit card to make three different transactions. The July 21 security video from the Goodwill shows Zartuche taking a debit card out of his wallet to purchase jeans and socks.

Detective Corporal Terrence Clifford interviewed Christian. Detective Clifford contacted the Island Country Sherriff's Office about Allan Zartuche. Detective Clifford learned Zartuche had been released from the Island County jail on July 20 at 6:24 a.m.

Detective Clifford interviewed Zartuche about the stolen debit card. Zartuche admitted he went to the Burlington Coat Factory in Mount Vernon with Christian on July 20 but denied going to the Goodwill in Everett on July 21.

The State charged Christian and Zartuche in Skagit County with four counts of identity theft in the second degree and one count of theft in the second degree. The court granted a motion to sever the trial on the charges against Christian and Zartuche. The State amended the information to charge Zartuche with three counts of identity theft in the second degree in Mount Vernon "on or about July 20," one count of identity theft in the second degree in Everett "on or about July 21," and one count of possession of stolen property in the second degree "[o]n or about and between July 20, 2015 and July 21, 2015."

Zartuche pleaded not guilty. The defense asserted Zartuche did not know Christian used a stolen debit card at Burlington Coat Factory on July 20. Zartuche denied he was at the Goodwill in Everett on July 21.

Trial

The State called several witnesses to testify at trial, including Liddle, Burlington Coat Factory loss prevention associate Cody Littlefield, Goodwill loss prevention manager Patrick Courteau, and Detective Clifford. The court admitted

into evidence over 30 exhibits, including the security videos from Burlington Coat Factory and Goodwill, still photographs taken from the videos, and store receipts.

Liddle testified she lives in Anacortes. Liddle testified she did not make any purchases at Burlington Coat Factory or the Wendy's in Mount Vernon on July 20 and did not make any purchases at Goodwill or Moonlight Smoke and Grocery in Everett on July 21. Liddle said she did not give anyone permission to use her debit card.

The U.S. Bank records show the use of Liddle's card for one purchase and two declined transactions at the Burlington Coat Factory in Mount Vernon. Burlington Coat Factory loss prevention associate Littlefield described the still photographs from the security video. The photographs on July 20 show Christian and Zartuche at a cash register for more than 25 minutes. Christian and Zartuche first approach the register at 11:39 a.m. and sort through items in the cart to "choose what they do and do not want to purchase." The photographs show Zartuche take a white hat off his head and put the hat on the counter as part of the purchase. The purchase totaled $109.06. After the transaction, Zartuche puts the white hat back on his head.

The photographs show Christian grabs a $100 gift card from a rack as part of a second transaction. At 11:57 a.m., Christian "swipe[s] the card as payment" for the second transaction for $213.39 but the card is declined. The store clerk "remove[s] the gift card from the attempted purchase" and Christian tries again. Christian "swipes the card again" but the transaction is declined. Christian then

uses a "different card from his wallet" to make a purchase for $97.19 and Zartuche and Christian leave the store.

Bank records showed a purchase with Liddle's debit card at the Wendy's in Mount Vernon. Littlefield testified there is a Wendy's located "right across the parking lot" from Burlington Coat Factory.

U.S. Bank records showed Liddle's debit card was used to make a purchase at the Goodwill store in Everett on July 21. Goodwill loss prevention manager Courteau described the still photographs from the July 21 security video. The photographs show Zartuche enter the store at 9:18 a.m. Zartuche selects two pairs of jeans and three pairs of socks. The photographs showed Zartuche "pulled out his wallet, and then pulled out a card to swipe through the payment system" and signed for the amount owed. After the purchase, Zartuche "put[s] the card back into his wallet" and leaves the store.

Detective Clifford testified that in the security videos, Zartuche is wearing a backpack with a "distinct design," gray shoes with "blue outlines," a watch with a large "light-colored face," and a white hat "angled up to the side." Detective Clifford described the "distinct design" on the backpack:

> Some portions of it were black or another similar dark color. And then there were also portions of the backpack that were gray.
> On the halter strap, the little part that pops out the top and you can carry it with, it appeared to be yellowish in color, and a yellowish or gray strap that hung downward from the bottom center portion of the backpack.
> It also had white, black, and gray straps on either side of it, towards the lower portion. It looked like maybe the straps were used to secure the backpack around someone's waist area.

5

Detective Clifford notes that in the Burlington Coat Factory security video, Zartuche is "wearing the same white hat that he's wearing the next day; wearing it in the same manner, pointing slightly upward, just like in the Goodwill."

Zartuche told Detective Clifford that he "didn't know a car was broken into, and he didn't know anything was stolen." Zartuche said July 20 " 'was the only day I was up in Mount Vernon.' "

Detective Clifford testified that when he showed Zartuche a still photograph from the Burlington Coat Factory security video, Zartuche identified himself as the person in the photograph. Zartuche said, " 'I see me and [Christian] going inside.' " Zartuche told Detective Clifford that Christian " 'had his mom's credit card' " and was going shopping. Zartuche later said Christian used a gift card to purchase the items at Burlington Coat Factory. Zartuche told Detective Clifford he was not with Christian "physically" when Christian purchased the items, but he was "still at the store." Zartuche said he saw Christian pay with "whatever card [Christian] had." Zartuche denied "ever getting anything from Burlington Coat Factory." Zartuche told Detective Clifford that after leaving Burlington Coat Factory, he went to the Department of Social and Health Services office in Mount Vernon and then "went home" to Everett.

Zartuche told Detective Clifford that the Goodwill was "three hours away in terms of walking distance" from where he lived. Detective Clifford testified that when Zartuche told him about the Goodwill, he "had not mentioned Goodwill to [Zartuche] yet." Zartuche later told Detective Clifford he "was sure he'd not been" to Goodwill on July 21. When Detective Clifford showed Zartuche a still

photograph from the Goodwill security video, Zartuche said it was not him and "he did not have clothes like [that] person." Zartuche told Detective Clifford the photograph showed "a random person that looked like him . . . [w]ith the victim's credit card." When Detective Clifford asked Zartuche if he "ever had possession of the card," Zartuche "appeared visibly nervous," "started touching his face and playing with his facial hair," and eventually said, "[N]o." Zartuche did not testify.

The court instructed the jury that the State had the burden of proving beyond a reasonable doubt that Zartuche acted as a principal or an accomplice in the commission of the three counts of identity theft in the second degree in Mount Vernon on July 20. By contrast, the court instructed the jury that the State had the burden of proving beyond a reasonable doubt that Zartuche acted as the principal for the crime of identity theft on July 21. During closing argument, the State argued Zartuche was an accomplice to the three transactions at the Burlington Coat Factory on July 20. The State argued Zartuche acted alone at the Goodwill on July 21 and the evidence showed Zartuche was in possession of the stolen debit card from July 20 to 21.

The jury found Zartuche guilty as charged. By special verdict, the jury found Zartuche committed the crimes "shortly after being released from incarceration."

Before sentencing, the State asserted the offender score "on each of these convictions is [9]" because Zartuche "has five prior felony convictions and was convicted of five additional felony charges in this case." With an offender

7

score of 9, the court imposed a concurrent 51-month sentence for the four identity theft convictions and possession of stolen property in the second degree.

Venue

Zartuche contends the court erred by denying his motion to dismiss the charge of identity theft in the second degree at the Goodwill in Everett on July 21. Zartuche argues venue was proper only in Snohomish County and not in Skagit County.

Pretrial, defense counsel moved to dismiss the charge because "the alleged act occurred in Everett." The prosecutor asserted that under the identity theft statute, RCW 9.35.020(8), venue is proper in Skagit County "because of Ms. Liddle's residing in Anacortes." The court denied the motion to dismiss the charge.

Article I, section 22 of the Washington Constitution provides, "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed." CrR 5.1(a) states that an action shall be commenced either "(1) [i]n the county where the offense was committed" or "(2) [i]n any county wherein an element of the offense was committed or occurred." The identity theft statute expressly states the crime of identity theft in the second degree is "committed in any locality where the person whose means of identification or financial information was appropriated resides." RCW 9.35.020(8).[1] Because the unrebutted evidence establishes Liddle resides in Anacortes, venue was proper in Skagit County.

---

[1] Emphasis added.

Unanimity Instruction

Zartuche contends the court violated his constitutional right to a unanimous jury by failing to give a unanimity instruction on the charge of possession of stolen property in the second degree. Zartuche argues the State alleged that he possessed the debit card at different times and places and did not elect which act constitutes possession of stolen property. The State argues the court did not err in failing to give a unanimity instruction because the evidence established a continuing course of conduct that Zartuche was in possession of the debit card on July 20 and July 21.

Criminal defendants in Washington have a right to a unanimous jury verdict. WASH. CONST. art. 1, § 21; State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). When the State presents evidence of several acts that could constitute the crime charged, the jury must unanimously agree on which act constitutes the crime. State v. Kitchen, 110 Wn.2d 403, 411, 756 P.2d 105 (1988). To ensure jury unanimity, either the State must elect the act on which it relies or the court must instruct the jury to agree unanimously that one particular act has been proved beyond a reasonable doubt. Kitchen, 110 Wn.2d at 411; see also State v. Petrich, 101 Wn.2d 566, 572, 683 P.2d 173 (1984). However, no election or unanimity instruction is required if the evidence establishes a "continuing course of conduct." Petrich, 101 Wn.2d at 571.

We review the facts in a commonsense manner to determine whether criminal acts constitute a continuing course of conduct. Petrich, 101 Wn.2d at 571. Evidence that the defendant engaged "in a series of actions intended to

9

secure the same objective supports the characterization of those actions as a continuing course of conduct." State v. Fiallo-Lopez, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995).

Zartuche cites State v. Brooks, 77 Wn. App. 516, 892 P.2d 1099 (1995), to argue the court erred by failing to give a unanimity instruction. In Brooks, the stated charged the defendant with two counts of second degree burglary. Brooks, 77 Wn. App. at 519. The jury found the defendant guilty of one count of second degree burglary. The evidence showed multiple burglaries took place in a pump house and a storage shed but the State "never elected which of the alleged burglaries it was relying on to convict." Brooks, 77 Wn. App. at 520.

Here, the State charged Zartuche with possession of stolen property in the second degree "[o]n or about and between July 20, 2015 and July 21, 2015." Unlike in Brooks, the evidence showed Zartuche engaged in a continuing course of conduct to secure the same objective. The July 20 security video from Burlington Coat Factory showed Christian and Zartuche using a debit card until approximately 12:00 p.m. to make purchases. After leaving Mount Vernon, Zartuche went home to Everett. The July 21 Goodwill security video showed Zartuche with a debit card on July 21. Zartuche takes the debit card out of his wallet to make a purchase at 9:48 a.m. The bank records show Zartuche used Liddle's debit card to make the purchase. The security videos, bank records, and testimony establish Zartuche was in possession of the stolen debit card from some time after 12:00 p.m. on July 20 and on July 21. The court did not err in failing to give a unanimity instruction for possession of stolen property.

<u>Sentencing</u>

Zartuche asserts that his attorney provided ineffective assistance of counsel at sentencing by failing to argue the three counts of identity theft on July 20 constitute the same criminal conduct.

To establish a claim of ineffective assistance of counsel, Zartuche must show counsel's performance was deficient and resulted in prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "The failure to make a same criminal conduct argument is prejudicial if the defendant shows that with the argument the sentence would have differed." <u>State v. Munoz-Rivera</u>, 190 Wn. App. 870, 887, 361 P.3d 182 (2015) (citing <u>State v. Beasley</u>, 126 Wn. App. 670, 686, 109 P.3d 849 (2005)).

We review a determination of same criminal conduct for abuse of discretion or misapplication of the law. <u>State v. Graciano</u>, 176 Wn.2d 531, 536, 295 P.3d 219 (2013). "[W]hen the record supports only one conclusion on whether crimes constitute the 'same criminal conduct,' a sentencing court abuses its discretion in arriving at a contrary result." <u>Graciano</u>, 176 Wn.2d at 537-38.

The identity theft statute states that each crime "shall be punished separately . . . unless it is the same criminal conduct as any other crime, under RCW 9.94A.589." RCW 9.35.020(4). Under RCW 9.94A.589(1)(a), offenses will count as the "same criminal conduct" if there is the "same criminal intent" and the crimes are "committed at the same time and place" and "involve the same victim."

11

The State concedes the three counts of identity theft on July 20 constitute the same criminal conduct. We accept the State's concession as well taken and conclude the failure to argue same criminal conduct was prejudicial.

We affirm the jury convictions but remand for resentencing.

WE CONCUR: