FILED
COURT OF APPEALS
DIVISION II

2015 APR -7 AM 9: 25

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45720-2-II |
| Respondent, | |
| v. | |
| | UNPUBLISHED OPINION |
| DARRELL LEE WITTE, | |
| Appellant. | |

MAXA, J. — Darrell Witte appeals his conviction for three counts of first degree child molestation. At trial, the State presented evidence of multiple separate acts that could establish that Witte had sexual contact with a minor, but the trial court failed to instruct the jury that it was required to unanimously agree on the criminal conduct that supported each count. Witte argues that the trial court erred in not giving a unanimity instruction and thereby violated his constitutional right to a unanimous jury verdict. However, at trial Witte adopted the State's proposed jury instructions even though they did not include a unanimity instruction. As a result, we hold that Witte invited the error he challenges on appeal, and we decline to address this issue. Accordingly, we affirm Witte's convictions.

## FACTS

Witte was charged with three counts of first degree child molestation based on allegations that he molested JW-H over a period from December 2009 to November 2011. At trial, the State presented evidence of five separate instances showing Witte's sexual conduct.

When the parties discussed jury instructions, the State submitted proposed instructions that did not include a unanimity instruction. When the trial court asked if the defendant's counsel had prepared jury instructions, counsel replied, "I did not, Your Honor. I am adopting, with an argument against some, which I think will be in agreement." Report of Proceedings (RP) at 404. The trial court clarified the instruction to be removed and then asked defense counsel, "Did I understand from you that the rest look okay to you?" RP at 404. Defense counsel responded, "The rest look over [sic] to me, Your Honor." RP at 404.

The jury convicted Witte of each charge. Witte appeals his convictions.

## ANALYSIS

Witte argues that he was entitled to a unanimity instruction[1] to protect his constitutional right to a unanimous jury verdict. We hold that Witte is precluded from raising this issue because he invited the error he complains of on appeal, and we affirm Witte's convictions.

The invited error doctrine prohibits a party from setting up an error at trial and then challenging that error on appeal. *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 810 (2014). This doctrine applies to unanimity instructions. *State v. Carson*, 179 Wn. App. 961, 973, 320 P.3d 185 (2014), *review granted*, 181 Wn.2d 1001 (2014). Specifically, where a defendant's proposed instructions do not include a unanimity instruction, the invited error

---

[1] In *State v. Petrich* our Supreme Court held:
When the evidence indicates that several distinct criminal acts have been committed, but defendant is charged with only one count of criminal conduct, jury unanimity must be protected. . . . The State may, in its discretion, elect the act upon which it will rely for conviction. . . . When the State chooses not to elect, this jury instruction must be given to ensure the jury's understanding of the unanimity requirement.
101 Wn.2d 566, 572, 683 P.2d 173 (1984), *overruled on other grounds by State v. Kitchen*, 110 Wn.2d 403 (1988).

doctrine precludes the defendant from appealing the trial court's failure to give such an instruction. *State v. Corbett*, 158 Wn. App. 576, 591-92, 242 P.3d 52 (2010).

*Corbett* may not directly apply because Witte did not propose any instructions. However, Witte *adopted* the State's proposed jury instructions that did not include a unanimity instruction. The invited error doctrine also applies in this situation. "Under the doctrine of invited error, even where constitutional rights are involved, we are precluded from reviewing jury instructions when the defendant has proposed an instruction *or agreed to its wording*." *State v. Winings*, 126 Wn. App. 75, 89, 107 P.3d 141 (2005) (emphasis added); *see also In re the Detention of Gaff*, 90 Wn. App. 834, 845, 954 P.2d 943 (1998) (holding that the parties' agreement as to the wording of a jury instruction precluded the court's review of the omission of the instruction).

Here, the State proposed jury instructions that did not include a unanimity instruction, and Witte's counsel told the trial court that he was adopting those instructions except for an instruction that is not relevant here. Later, when the trial court asked Witte's counsel if the instructions were acceptable, counsel responded that the rest of the instructions looked okay. These comments were the equivalent to agreeing to the exclusion of a unanimous jury instruction from the trial court's instructions.

Witte did not propose a unanimity instruction and agreed to the trial court's jury instructions that did not include a unanimity instruction. Therefore, we hold that the invited error doctrine prohibits Witte from challenging on appeal the trial court's failure to give such an instruction.

45720-2-II

We affirm Witte's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
BJORGEN, A.C.J.

_____
SUTTON, J.

4