**FILED**
**FEBRUARY 21, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35294-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOHNNY NARVIN TALBERT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Johnny Narvin Talbert appeals his convictions for one count

of first degree rape of a child and two counts of first degree child molestation. The

conviction for first degree rape of a child is affirmed. However, one of Mr. Talbert's two

child molestation convictions must be vacated based on double jeopardy concerns. This

matter is remanded for resentencing.

FACTS

In November 2015, 8-year-old J.Q. reported to her school counselor that she

had been sexually assaulted by her mother's live-in boyfriend, Johnny Talbert. The

information was then relayed to the authorities. Less than a week after J.Q.'s disclosure,

Mr. Talbert voluntarily went to the Benton County Sheriff's Office and participated in a

recorded interview. After the interview, Mr. Talbert was arrested and taken into custody.

Mr. Talbert was charged in superior court with one count of first degree rape of a

child and two counts of first degree child molestation. His case proceeded to trial.

J.Q. testified at trial and described several sexual interactions she had with Mr.

Talbert while she and her mother were living with him from February 2015 until

November 25, 2015. J.Q. did not specify the number of times she had been assaulted by

Mr. Talbert.

Mr. Talbert testified in his defense. Mr. Talbert explained that approximately two

weeks prior to his arrest, he and J.Q.'s mother got into an argument about finances. J.Q.'s

mother was not working and Mr. Talbert told her that she would either need to get a job

or move out. Mr. Talbert averred that he could not think of any reason, "other than being

faced with moving out" that would cause J.Q. to make these allegations against him.

3 Report of Proceedings (Feb. 16, 2017) at 468.

During cross-examination, the State followed up on Mr. Talbert's theory regarding

J.Q.'s motive to lie. The State questioned Mr. Talbert about his pretrial interview with

law enforcement. The State pointed out that, during the interview, Mr. Talbert had been

given four opportunities to explain why J.Q. might have fabricated sexual assault allegations against him. Yet on each of the four occasions, Mr. Talbert failed to mention the argument over finances or the idea that J.Q. might have been lying because she feared eviction.

On redirect, defense counsel moved to introduce into evidence the entire recording of law enforcement's interview with Mr. Talbert as a prior consistent statement. The State objected, claiming Mr. Talbert's prior statement was inadmissible hearsay. The trial court sustained the State's objection and precluded introduction of the recording.

After the close of evidence, the jury was provided a standard instruction regarding separate consideration of counts. It was also instructed that although the State presented evidence that Mr. Talbert committed acts of first degree child rape on multiple occasions, it must unanimously agree to a specific act that had been proved to support a rape conviction. The court's instructions for Mr. Talbert's two child molestation charges were worded identically, except that one was identified as pertaining to count 2 and one was identified as pertaining to count 3.

During the course of deliberations, the jury submitted the following written questions to the court: "Why are there two separate molestation counts?" and "How is the jury supposed to distinguish between counts with apparently identical charges?" Clerk's

3

Papers (CP) at 48. Counsel for the State, defense counsel, and the trial court agreed to refer the jury back to their instructions. The court sent the jury's inquiry back with the response, "Please refer to your jury instructions." *Id.*

The jury found Mr. Talbert guilty as charged. At sentencing, the trial court imposed several community custody conditions. In relevant part, the court imposed the following as "Other Conditions":

8) Do not possess or view material that includes images of nude women, men and/or children;
9) Do not possess or view material that includes images of children wearing only undergarments and/or swimsuits;
10) Do not attend X-rated movies, peep shows, or adult book stores;
. . . .
15) Inform the Community Corrections Officers of any romantic relationships to verify there are no minor aged children involved.

*Id.* at 82-83.

Mr. Talbert appeals.

## ANALYSIS

*Right to present a defense*

Mr. Talbert contends the trial court denied him the opportunity to present a defense when it excluded from evidence the recording of his law enforcement interview. We disagree.

4

A defendant has a constitutional right to present a defense. However, this "right does not extend to the introduction of otherwise inadmissible evidence." *State v. Aguirre*, 168 Wn.2d 350, 363, 229 P.3d 669 (2010). We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *State v. Burnam*, 4 Wn. App. 2d 368, 375, 421 P.3d 977, *review denied*, 192 Wn.2d 1003, 430 P.3d 257 (2018).

Here, the trial court correctly determined that Mr. Talbert's out-of-court statement to law enforcement was not admissible as a prior consistent statement under ER 801(d)(1)(ii). For one thing, Mr. Talbert's prior statement was not materially consistent with his trial testimony. At trial, Mr. Talbert suggested that J.Q. was motivated to lie because Mr. Talbert had threatened to oust J.Q.'s mother from his home. But in the prearrest interview, Mr. Talbert never advanced this theory, despite being provided four opportunities to do so. In addition, Mr. Talbert's statement to law enforcement was not made prior to a motive to fabricate. At the time of the prearrest interview, Mr. Talbert was at the sheriff's office and had been informed of the nature of J.Q.'s allegations. Because Mr. Talbert already had a motive to fabricate at the time of his prearrest interview, his statement was not relevant to rebutting the State's claim of fabrication during trial. *State v. Makela*, 66 Wn. App. 164, 168-69, 831 P.2d 1109 (1992).

5

No. 35294-3-III
*State v. Talbert*

*Jury instructions*

Mr. Talbert argues that the court's instructions failed to protect him from double jeopardy[1] because the instructions did not inform the jury that he could not be convicted of multiple counts of child molestation based on a single act. Although Mr. Talbert did not object to the court's instructions during trial, his argument is one that can be raised for the first time on appeal. *State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011). Reviewing the matter de novo, *id.* at 661-62, we find Mr. Talbert's claim meritorious.

Four of the court's jury instructions are relevant to Mr. Talbert's double jeopardy claim:

INSTRUCTION NO. 4
A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

CP at 21.[2]

INSTRUCTION NO. 13
The State alleges that the defendant committed acts of Child Molestation in the First Degree on multiple occasions. To convict the defendant on any count of Child Molestation in the First Degree, one particular act of Child Molestation in the First Degree must be proved beyond a reasonable doubt, and you must unanimously agree as to which act

---

[1] U.S. CONST. amend. V; WASH. CONST. art. I, § 9.
[2] The language in this instruction was taken, verbatim, from Washington's pattern instructions. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 3.01, at 80 (3d ed. 2008).

6

has been proved.  You need not unanimously agree that the defendant committed all the acts of Child Molestation in the First Degree.

If you unanimously agree that the defendant committed a particular act of Rape of a Child in the First Degree as charged in Count I, you may not use that act as that particular act that constitutes Child Molestation as charged in Counts II and III.

*Id*. at 30.

Instructions 15 and 16 are worded identically except for instruction 15 referenced count 2 and instruction 16 referenced count 3:

To convict the defendant of the crime of child molestation in the first degree as charged in count [2/3], each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That intervening between the 1st day in November, 2014, and the 25th day of November, 2015, the defendant had sexual contact with [J.Q.];

(2) That [J.Q.] was less than twelve years old at the time of the sexual contact and was not married to the defendant;

(3) That [J.Q.] was at least thirty-six months younger than the defendant; and

(4) That this act occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

*Id*. at 32, 33.

Our double jeopardy analysis involves a two-step inquiry.  First, we consider whether the jury instructions given were flawed and could have allowed the jury to

convict the defendant of multiple counts based on a single act. *Mutch*, 171 Wn.2d at

661-63. Second, if the instructions are faulty, we examine the entire trial record, in a

rigorous fashion in favor of the defendant, to determine whether there are potentially

redundant convictions. *Id*. at 664.

Reviewing the court's instructions, one might surmise that instruction 4 should

have prevented the jury from issuing two child molestation convictions based on the same

act. But the Supreme Court's decision in *Mutch* precludes this assessment. *Mutch* held

that language identical to that of instruction 4 is insufficient, alone, to guard against a

double jeopardy violation. *Id*. at 662-63. This is because the instruction only requires

proof of separate "crimes." It does not explain that each "crime" requires proof of a

different act. *Id*. To avoid a double jeopardy problem, *Mutch* explained that the separate

act requirement should be explained to the jury either in a stand-alone instruction or in

sufficiently distinctive to-convict instructions. *Id*. at 662.

Mr. Talbert's to-convict instructions (15 and 16) were insufficient to address the

separate act requirement identified in *Mutch*. As noted previously, the two instructions

were worded nearly identically and contained the same offense conduct dates. Nothing in

either of the two to-convict instructions explained that the act forming the basis of count 2

had to be separate from an act proved for count 3. *See State v. Noltie*, 116 Wn.2d 831,

8

849, 809 P.2d 190 (1991) (The to-convict instruction properly stated, "That during [the intervening time period] the defendant engaged in sexual intercourse with [the victim] *in an incident separate from and in addition to any incident that may have been proved in* [any other] *count*.").

The State argues that instruction 13 was sufficient to advise the jury of the separate act requirement. We disagree. The first paragraph of instruction 13 addressed the unanimity requirement of *State v. Petrich*, 101 Wn.2d 566, 572-73, 683 P.2d 173 (1984), *overruled in part on other grounds by State v. Kitchen*, 110 Wn.2d 403, 406 n.1, 756 P.2d 105 (1988). The paragraph made clear that the jurors had to unanimously agree that a particular act had been proved beyond a reasonable doubt in order to enter a conviction for child molestation. However, the paragraph did not discuss the issue of multiple counts or clarify that each conviction must be based on a separate act. Unlike the first paragraph, the second paragraph of instruction 13 does address the concept of separate acts. However, this discussion is limited to differentiating between rape of a child and child molestation. The second paragraph of instruction 13 specifies that the act used to convict the defendant of rape cannot also serve as a basis for a child molestation conviction. But it fails to clarify that the separate act requirement applies not only to the

9

two types of charges lodged against Mr. Talbert, but also to the two child molestation charges.

We turn, then, to the question of prejudice. Our review in this context is exacting. We must vacate a potentially redundant conviction unless the trial record, as a whole, indicates that it "was '*manifestly apparent* to the jury'" that each count charged had to be based on a separate act. *Mutch*, 171 Wn.2d at 664 (quoting *State v. Berg*, 147 Wn. App. 923, 931, 198 P.3d 529 (2008)). Only in a "rare circumstance" will the record be sufficient to overcome deficient jury instructions that fail to take into account double jeopardy concerns. *Id*. at 665.

Mr. Talbert's two child molestation convictions cannot withstand this rigorous level of scrutiny. This is not a case where the victim identified a specific number of assaults that matched up to the number of counts. *See id.* (The victim testified to five separate episodes of rape, which matched the number of counts.); *State v. Hayes*, 81 Wn. App. 425, 438-39, 914 P.2d 788 (1996) (The defendant was charged with four counts of child rape and the victim testified to being raped on at least four occasions.). Nor did the prosecutor clarify that the jury had to find more than one separate act of molestation in order to justify two convictions. *See Noltie*, 116 Wn.2d at 849 (The prosecutor explained

10

two counts of statutory rape by stating, "[Y]ou have to find he did it twice in order to convict him of the second one. Okay?") (internal quotation marks omitted).

The question submitted by the jury during deliberations underscores our concerns regarding the ambiguity of the court's instructions. The jury specifically asked the trial court why Mr. Talbert was facing two identical counts of child molestation. Instead of substantively answering this question, the court merely directed the jury to review its instructions again. During the hearing to address the jury question, the parties noted that the instructions had advised the jury of the *Petrich* unanimity requirement. This observation was accurate. But it did not address the concern for double jeopardy. *Petrich*'s unanimity requirement is based on the idea that all jurors must agree on the act that is used as a factual basis for a particular count. In contrast, double jeopardy is rooted in the idea that the act forming the basis of one conviction cannot also be used as the basis for another conviction for the same crime. The fact that the trial court instructed the jury regarding unanimity was insufficient to also advise the jurors of double jeopardy's separate act requirement.

Because the record before us shows it was not manifestly apparent to an average juror that Mr. Talbert's two child molestation convictions must be predicated on separate acts, one of the two convictions must be vacated.

11

*Community custody conditions*

Mr. Talbert challenges community custody conditions 8, 9, 10, and 15 as overbroad and vague. The State largely concedes error, but claims that at least one of the challenged conditions can be reworded.

Because Mr. Talbert must be resentenced based on our disposition of his double jeopardy claim, the arguments regarding community custody conditions may be raised at resentencing. On resentencing, the trial court can ensure that Mr. Talbert's community custody conditions comply with constitutional standards set by our current case law. *See State v. Nguyen*, 191 Wn.2d 671, 678-79, 425 P.3d 847 (2018); *State v. Johnson*, 4 Wn. App. 2d 352, 358-60, 421 P.3d 969, *reviewed denied*, 192 Wn.2d 1003, 430 P.3d 260 (2018).

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Mr. Talbert has filed a statement of additional grounds for review, arguing his trial attorney provided ineffective assistance of counsel. To succeed on his claim, Mr. Talbert must show both deficient performance and prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The failure to satisfy either prong ends our inquiry. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996).

The majority of Mr. Talbert's ineffective assistance of counsel claims fail because they are not supported by the current record. To the extent Mr. Talbert wishes to supplement the record with evidence that was not presented to the trial court, his recourse is to file a personal restraint petition. *McFarland*, 127 Wn.2d at 335.

The remainder of Mr. Talbert's claims do not warrant relief apart from what has already been provided. Mr. Talbert's arguments regarding double jeopardy have been addressed. The claim that trial counsel was ineffective for failing to present an opening statement is precluded by our case law. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 715, 101 P.3d 1 (2004) ("A defense counsel's decision to waive an opening statement does not constitute deficient performance."). And Mr. Talbert's argument that his attorney should have recorded a pretrial interview with J.Q. fails based on a lack of a showing of prejudice.

As a final matter, Mr. Talbert alleges his trial counsel has been ineffective because counsel has not provided Mr. Talbert a copy of his case file. At this point in the proceedings, we are unable to discern any prejudice that would warrant relief from conviction based on this circumstance. The contents of the file are likely more relevant to a potential personal restraint petition, as opposed to a direct appeal. In any event, Mr. Talbert is entitled to a copy of his case file, subject to appropriate redactions and

13

withholdings. *State v. Padgett*, 4 Wn. App. 2d 851, 854-56, 424 P.3d 1235 (2018). Mr.

Talbert should endeavor to work with trial counsel to facilitate appropriate disclosure of

his file. If his efforts are unsuccessful, his remedy is to seek to compel production in the

superior court. *Id.*

## CONCLUSION

This matter is remanded to the superior court with instructions to vacate one of Mr.

Talbert's convictions for child molestation, and for resentencing consistent with the terms

of this decision. Mr. Talbert's remaining convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____        _____
Siddoway, J.                            Fearing, J.