# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

STATE OF WASHINGTON,       )     No. 78961-9-I
)
       Respondent,     )
)
       v.       )
)     UNPUBLISHED OPINION
CRAIG ALEXANDER HALL,     )
)     FILED: November 18, 2019
       Appellant.     )
)

VERELLEN, J. — Craig Hall was found guilty on a single charge of second degree assault with a deadly weapon after he punched Ian Smith in the face and later advanced on him with a knife. Because the State made a clear and explicit election to rely solely on Hall advancing on Smith with the knife as the basis for the charge against him, the court was not required to give a Petrich[1] unanimity instruction.

Therefore, we affirm.

## FACTS

Hall was drinking at the Thunderbird Tavern in Ballard when he began accusing a group of "Mexican" people in the bar of stealing from him.[2] The

---

[1] State v. Petrich, 101 Wn.2d 566, 683 P.2d 173 (1984), abrogated on other grounds by State v. Kitchen, 110 Wn.2d 403, 756 P.2d 105 (1988).

[2] Report of Proceedings (RP) (Aug. 1, 2018) at 314, 357. Hall called the other patrons "Mexican," but the record is unclear about their nationality.

bartender made him leave. Outside the bar, Hall flung several of the bar's small potted trees at the building. Smith, Thunderbird's owner, tried to deescalate Hall and convince him to leave the area. Hall appeared to calm down until he suddenly delivered "a full on punch directly to the head . . . a sucker punch" and ran down the street.[3] Smith followed Hall and called the police. While Smith spoke with the 911 dispatcher, Hall turned to face Smith and was holding a knife. Hall advanced on Smith while displaying the knife and making profane threats. Smith retreated to the middle of the street, and Hall fled to a nearby yard as the police arrived.

The State charged Hall with second degree assault with a deadly weapon. A jury found Hall guilty of second degree assault while armed with a deadly weapon.

Hall appeals.

## ANALYSIS

Hall argues the court failed to give a Petrich unanimity instruction, a manifest constitutional error he may raise for the first time on appeal.[4] We review the adequacy of jury instructions de novo.[5]

A Petrich instruction is appropriate when the evidence in a criminal case "'indicates that several distinct criminal acts have been committed, but [the]

---

[3] RP (July 31, 2018) at 236, 238.

[4] RAP 2.5(a).

[5] State v. Boyd, 137 Wn. App. 910, 922, 155 P.3d 188 (2007).

defendant is charged with only one count of criminal conduct.'"[6] The instruction preserves the constitutional right to a unanimous jury verdict by telling the jury that the State must prove a particular criminal act beyond a reasonable doubt and that all jurors must unanimously agree on which act it proved.[7]

The instruction is unnecessary where the State "'elect[s] the act upon which it will rely for conviction.'"[8] An effective election must "'clearly identif[y] the act upon which the charge in question is based'"[9] and "disclaim its intention to rely on other acts" for conviction by doing so.[10] In State v. Carson, our Supreme Court held the State made an effective election and no Petrich instruction was required because the prosecutor "clearly and explicitly" told the jury during closing argument which acts the State was relying on for conviction.[11]

Hall contends he was convicted with a non-unanimous verdict because the State failed to elect whether the punch or advancing with the knife gave rise to the single charge of assault with a deadly weapon. The record does not support Hall's argument.

---

[6] State v. Carson, 184 Wn.2d 207, 217, 357 P.3d 1064 (2015) (quoting Petrich, 101 Wn.2d at 572).

[7] Id. at 217 n.5 (quoting 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.25, at 110-12 (3d ed. 2008)).

[8] Id. at 227 (quoting Petrich, 101 Wn.2d at 572).

[9] Id. (internal quotation marks omitted) (quoting State v. Thompson, 169 Wn. App. 436, 474-75, 290 P.3d 996 (2012)).

[10] Id. at 228 n.15.

[11] Id. at 228-29.

3

During closing argument, the prosecutor explained the elements of second degree assault with a deadly weapon.

> [W]e'll go to the assaulted and with a deadly weapon part [of the elements the State must prove to convict].
>
> . . . .
>
> Can you have an assault if someone doesn't touch the person, doesn't harm the person?
>
> Well, just highlight some of the parts of the jury instructions. Done with the intent to create in another apprehension and fear of bodily injury and, which, in fact, creates in another a reasonable apprehension and imminent fear of bodily injury even though the actor did not actually intend to inflict bodily injury.
>
> Reasonable apprehension. Doesn't have to intend to inflict bodily injury. . . .
>
> . . . .
>
> It doesn't have to be an injury for an assault to occur.
>
> But it's not just that Mr. Hall assaulted Ian Michael Smith. It's that it's with a deadly weapon.
>
> . . . .
>
> In this case, that's the knife. The knife is the deadly weapon.[12]
>
> [T]he State has met its burden beyond a reasonable doubt that on January 3, 2018, that Mr. Craig Hall assaulted Ian Michael Smith with a deadly weapon, the knife, in the [s]tate of Washington.[13]

---

[12] RP (Aug. 1, 2018) at 442-44.

[13] Id. at 451.

As in <u>Carson</u>, the State made a clear and explicit election to rely only on Hall wielding a knife while advancing on Smith as the basis for the single charge of second degree assault with a deadly weapon. On this record, no <u>Petrich</u> instruction was required.

Therefore, we affirm.

WE CONCUR:

_____
Leach, J.

_____
Verellen, J.

_____
Appelwick, CJ