# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 81739-6 |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| WILLIAM DAVID ALLINGHAM, | |
| Appellant. | |

APPELWICK, J. — Allingham appeals from a judgment and sentence for second degree assault. First, he argues prosecutorial misconduct denied him his right to a fair trial. Next, he argues defense counsel was ineffective for failing to object to the alleged misconduct. Finally, he argues supervision fees were entered in error. We remand to strike the supervision fees and affirm on all other grounds.

## FACTS

William Allingham was convicted of second degree assault. The victim was his wife, K.A.

At the trial, the jury heard three phone calls Allingham made to K.A. from jail. In the calls, Allingham angrily tells K.A. not to talk to the prosecutor, saying they are "trying to fucking put me in jail." He asks her whose side she is on.

During closing argument, defense counsel attempted to explain Allingham's anger on the phone calls, arguing he was,

> looking at prison time, and here [K.A.] is saying, "Oh, it's going to be fine. Prosecutor seems nice. I feel like it's all going to be okay."
> This contradicts what [Allingham's] experience is at the time, which is that his wife is accusing—has accused him of assault and he's looking at prison time. So he tells her this, inartfully, but he tells her.

In rebuttal, the prosecutor reminded the jury that they were instructed not to consider punishment and argued there was no evidence that Allingham would be incarcerated. Defense counsel did not object.

After the jury found him guilty, the court found Allingham indigent for the purposes of appeal. The court waived the nonmandatory legal financial obligations (LFOs). The judgment and sentence stated that Allingham must pay supervision fees as determined by the Department of Corrections.

Allingham appeals.

## DISCUSSION

First, Allingham argues prosecutorial misconduct denied him his right to a fair trial. Next, he argues defense counsel was ineffective for failing to object to the alleged misconduct. Finally, he argues the supervision fees were entered in error.

I. <u>Prosecutorial Misconduct</u>

Allingham argues the prosecutor committed misconduct by misstating the law regarding the jury's consideration of Allingham's motivation to make the calls out of fear of a lengthy prison sentence.

The right to a fair trial is a fundamental liberty secured by the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington State Constitution. Estelle v. Williams, 425 U.S. 501, 503, 96 S. Ct. 1691, 48 L. Ed.2 d 126 (1976); In re Pers. Restraint of Glasmann, 175 Wn.2d 696, 703, 286 P.3d 673 (2012). Prosecutorial misconduct may constitute a deprivation of the defendant's constitutional right to a fair trial. Glasmann, 175 Wn.2d at 703-04.

To prevail on a claim of prosecutorial misconduct, the defendant bears the burden of showing the prosecutor's conduct was both improper and prejudicial. State v. Ish, 170 Wn.2d 189, 195, 241 P.3d 389 (2010). To establish prejudice, the defendant must show a substantial likelihood that the error affected the jury verdict. Glasmann, 175 Wn.2d at 704. The trial judge is generally in the best position to determine whether the prosecutor's actions were improper and whether, under the circumstances, they were prejudicial. Ish, 170 Wn.2d at 195-96. So, we review allegations of prosecutorial misconduct for abuse of discretion. Id. at 195.

Here, the prosecutor's remarks were not improper. In closing, defense counsel suggested Allingham's terse phone calls to the victim were a response to his possible incarceration. In rebuttal, the prosecutor stated,

> [D]efense got up here and tried to talk about how, you know, of course the defendant was angry because he's looking at prison time. I need to remind you that in the jury instructions, you are specifically instructed that you are not to consider punishment at all, except insofar as much [as] it is going to make you careful in your decision. Punishment is not your job. That's up to the judge. There is no evidence that he is in fact looking at prison time. That is just his own statements.

3

The court's instructions to the jury provided,

> You have nothing what[so]ever to do with any punishment that may be imposed in case of a violation of the law. You may not consider the fact that punishment may follow conviction except insofar as it may tend to make you careful.

The prosecutor's remarks were a proper statement of the law. Generally, the jury's function is to find the facts, not to consider sentencing. State v. Rafay, 168 Wn. App. 734, 776-77, 285 P.3d (2012). Further, the jurors heard the same statement of the law through the court's instructions. Jurors are presumed to follow the court's instructions. State v. Henson, 11 Wn. App. 2d 97, 105, 451 P.3d 1127 (2019).

Allingham argues his belief he could be incarcerated went to his state of mind in making the calls. But, the prosecutor acknowledged as much when reminding the jury that there was no evidence to support this belief, only defense counsel's closing argument. Nothing in the challenged remarks amounts to prosecutorial misconduct.

## II. Ineffective Assistance of Counsel

Next, Allingham argues defense counsel was ineffective in failing to object to the alleged prosecutorial misconduct.

Criminal defendants are guaranteed the right to effective assistance of counsel under our state and federal constitutions. U.S. CONST. amend. VI; CONST. art. I, § 22; Strickland v. Washington, 466 U.S. 668, 680, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and that the

defendant was prejudiced by that deficiency. Strickland, 466 U.S. at 687-88, 694; In re Pers. Restraint of Crace, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012). To combat the biases of hindsight, our scrutiny of counsel's performance is highly deferential and we strongly presume reasonableness. Strickland, 466 U.S. at 689; In re Pers. Restraint of Lui, 188 Wn.2d 525, 539, 397 P.3d 90 (2017). Only in egregious circumstances will the failure to object to closing argument constitute incompetence of counsel justifying reversal. State v. Smiley, 195 Wn. App. 185, 197, 379 P.3d 149 (2016).

As the statements at issue do not constitute prosecutorial misconduct, defense counsel was not ineffective for failing to object to them. Allingham raises no other grounds on which defense counsel provided ineffective assistance of counsel. Allingham has not demonstrated that counsel's performance was deficient, nor that he was prejudiced by that deficiency.

III. Community Custody Supervision Fees

Finally, Allingham asserts that the trial court imposed community custody supervision fees in error because the trial court intended to impose only mandatory fees.

RCW 9.94A.703(2) provides that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to: . . . (d) Pay supervision fees as determined by the department." As the supervision fees are waivable by the trial court, they are discretionary LFOs. State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, review denied, 195 Wn.2d 1022, 464 P.3d 198

(2020). Allingham is indigent. Because the record indicates the court intended to impose only mandatory LFOs, the proper remedy is to strike the community custody supervision fee. See id. at 152-53.

We remand to strike the supervision fees and affirm on all other grounds.

_Appelwick, J._

WE CONCUR:

**State v. Allingham, No. 81739-6-I**

Dwyer, J. (concurring) — The admissibility of evidence is informed and controlled by the Rules of Evidence. It is not controlled by a pattern concluding instruction. The trial judge and the prosecutor in this case lost sight of this.

It is simply not so that it is *always* true that jurors may not consider evidence of the possibility of future criminal punishment only insofar as it may tend to make them careful. Rather, the purposes for which a juror may consider such evidence is determined by the reason for its admissibility. And, as stated, such admissibility is controlled by the Rules of Evidence.

As we recently observed:

> The trial court also erred by accepting the State's contention that evidence of potential consequences that flow from a defendant's conviction can *never* be presented to a jury. This is not so. To the contrary. A witness's subjective belief that a defendant might face a specific consequence if the witness complains to the police or testifies at trial is often a subject raised at trial. For example, in cases involving sex crimes in which victims or witnesses either delayed reporting the crimes or made prior statements inconsistent with their testimony, courts have regularly allowed prosecutors to elicit testimony as to what consequences the witnesses believed might follow arrest or conviction and, in so doing, explain to juries why the witnesses either delayed reporting or made subsequent inconsistent statements. See, e.g., State v. Petrich, 101 Wn.2d 566, 568, 683 P.2d 173 (1984) (victim who delayed reporting "explained that [accused] had told her not to tell, that she feared she would not be believed or loved if she told, and that her grandfather would go to jail"), abrogated on other grounds by State v. Kitchen, 110 Wn.2d 403, 756 P.2d 105 (1988); State v. Baker, 162 Wn. App. 468, 470-71, 259 P.3d 270 (2011) (victim testified to not calling police after domestic violence incident "because she loved [defendant] and did not want to get him in trouble"); State v. Nieto, 119 Wn. App. 157, 160, 79 P.3d 473 (2003) (witness "said she lied in her statement . . . because [police] led her to believe [defendant] would be sentenced to a longer jail term if she did

1

not write a statement"). Thus, the probative value of the proffered testimony was greater than that assigned by the trial court.

State v. Bedada, 13 Wn. App. 2d 185, 203-04, 463 P.3d 125 (2020) (footnote omitted).

> This argument appears to stem from the standard jury instruction reading:
>> You have nothing whatever to do with any punishment that may be imposed in case of a violation of the law. You may not consider the fact that punishment may follow conviction except insofar as it may tend to make you careful.
>
> WPIC 1.02.[1] That instruction was given here.

Bedada, 13 Wn. App. 2d at 203 n.7.

Thus, Allingham's asserted explanation for his demeanor in the recorded telephone calls with K.A. was admissible. He was entitled to argue from that to the jury. And the standard concluding instruction should have been altered to reflect the evidentiary ruling.

But the majority is correct in concluding that, in light of how the defense case was tried and in light of the defense presentation on appeal, none of the asserted claims of error are meritorious. The majority correctly analyzes the particular errors assigned on the bases on which they have been presented to us.

Thus, I concur in the majority's conclusion that the judgment must be affirmed.

Dwyer, J.

---

[1] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 1.02, at 21-22 (4th ed. 2016).